PHILIP MYERS

*v.*

MASON M. WRIGHT.

1. DEMURRER to bill in chancery admits the allegations therein contained to be true.

2. SIGNATURE TO INDORSEMENT ON NOTE — *of its necessity.* A specific assignment written upon the back of a promissory note, in the absence of any signature

to such assignment, will not, of itself, show any title or interest in the person named therein.

3. PARTIES — *on foreclosure of mortgage.* Three notes, payable at different times, were secured by a mortgage. The first and second notes were assigned to one person, and the third note to another. *Held,* that on bill to foreclose the mortgage by the holder of the first and second notes, the holder of the third note was a necessary party.

APPEAL from the Circuit Court of Ford county; the Hon. O. L. DAVIS, Judge, presiding.

This was a suit in chancery instituted in the court below by Mason M. Wright against Philip Myers, for the foreclosure of a mortgage. The opinion of the court contains a sufficient statement of the case.

Messrs. E. S. TERRY and L. WELDON, for the appellant.

Messrs. A. E. & O. F. HARMON, for the appellee.

Mr. JUSTICE BECKWITH delivered the opinion of the Court:

This was a bill in chancery to foreclose a mortgage executed by Philip Myers and wife to Squire Cunningham to secure the payment of three promissory notes of Myers to Cunningham, dated September 1, 1859: one for $300, payable in one year with interest; one for $355.78, payable in two years with interest, and the other for $194.22, payable three years from date with interest at ten per cent., payable half yearly in advance. The bill alleges that the first note should have been for $350, but was drawn for $300 by mistake; and that the complainant is the assignee of the first and second notes, which are as exhibits made a part of the bill. Upon the back of the first note there are two orders without signature; one in favor of David Patent and the other in favor of Solomon Wilson. Upon the same note there is an indorsement of it to the complainant. The bill was filed November 15, 1861, before the third note became due, and it prays that an account may be taken of the amount due upon the first and second notes, and a decree for payment of the same and a sale of the mortgaged premises.

There is no allegation in the bill that the third note has been paid or in any manner satisfied or discharged. The defendant, Myers, interposed a demurrer specifically alleging that Patent, Wilson and Cunningham were necessary parties, which was overruled and a decree rendered for the amount due upon the first and second notes. The bill alleges that the sums specified in these two notes are due to the complainant. The allegations of the bill are admitted by the demurrer. The notes were in the complainant's possession under apparently valid assignments, and the orders without signature upon the back of the first note, do not of themselves show that Patent and Wilson had any interest therein. The defendant by his demurrer admits that they have no interest in the notes. In this respect we think the demurrer was correctly overruled. But it appears from the bill that Cunningham, as the holder of the third note, was jointly interested with the complainant in the debt secured by the mortgage, and it is a well settled rule that all the persons entitled to the whole mortgage money must be made parties to a bill of foreclosure. 2 Barb. Ch. Pr. 174; 1 Dan. Ch. Pr. 260; Story's Eq. Pl. § 201.

The decree of the court below must therefore be reversed, and the cause remanded.

*Decree reversed.*