ANDREW RUSSELL ET AL.*

v.

JAMES M. EPLER.

1. FORMER SUIT—NEW MATTER.—To the cross-bills filed by appellants in this case, setting up that appellee was not a *bona fide* holder of the notes in suit, appellee pleaded a former adjudication. The former suit was a proceeding to set aside certain deeds as having been made in fraud of appellants, to which appellee, as holder of some of the notes described in the deeds, was made a party defendant, and answered, alleging that he was a *bona fide* holder of the notes. *Held*, that the capacity in which appellee held the notes was not a material question in the former suit, and the cross-bills in these cases alleging new matter, not in issue in the former suit, it was error to dismiss them upon a plea of former adjudication.

2. NOTES HELD TO INDEMNIFY HOLDER AGAINST PAYMENT OF MORT-GAGE.—Where notes are held by a party to indemnify him against the payment of a certain debt, his lien upon them will be discharged when he is reimbursed for the moneys he has advanced for that purpose. He is not the absolute owner of the notes, but has only a qualified ownership with the ultimate right of property.

* Two cases.

APPEAL from the Circuit Court of Sangamon county; the Hon. J. J. PHILLIPS, Judge, presiding. Opinion filed February 3, 1882.

Messrs. KETCHAM & GRIDLEY, Mr. L. H. HATFIELD, and Messrs. BROWN, KIRBY & RUSSELL, for appellants; that a note held by a defendant, secured by a deed of trust on land, may be subjected to a creditor's bill, and the land conveyed to pay debts, cited Cohen v. Carroll, 5 S. & M. 545.

On a creditor's bill the court may control the custody of the notes: Beckock v. Millard, 4 Mo. 314.

The interest of a debtor under a contract for the purchase of land, may be reached by a creditor's bill: Benster v. Power, 10 Paige's Ch. 562.

The decision in the former suit is no bar to the proceedings in this: Williams v. Walker, 62 Ill. 517; Lloyd v. Lee, 45 Ill. 277.

Mr. W. P. CALLON, and Mr. OSCAR A. DE LEUW, for appellee; that the questions raised by the answers and cross-bills, were or might have been adjudicated in the former suit, and can not now be raised, cited Rogers v. Higgins, 57 Ill. 244; Lathrop v. Hayes, 57 Ill. 279.

A question which has been judicially determined, can not be freed from the estoppel by a change in the form in which it is presented for adjudication: Baker v. Rand, 13 Barb. 152; Birkhead v. Brown, 5 Sandf. 154; Chapman v. Smith, 16 Pet. 114; Lawrence v. Vernon, 3 Scam. 20; Brown v. Moran, 3 Scam. 42; Miller v. Manice, 6 Hill, 114; Shears v. Dusenberry, 13 Gray, 292; Ketchum v. Campbell, 3 Wils. 304; Marsh v. Pier, 4 Rawle, 188; Whelan v. Hill, 2 Whar. 119; Burke v. Miller, 4 Gray, 114; Eastman v. Cooper, 15 Pick. 276.

Where a creditor seeks to satisfy his debt out of some equitable estate of the debtor, he must exhaust his remedy at law by obtaining judgment and return of execution *nulla bona* before he can file a bill: Greenway v. Thomas, 14 Ill. 271; Weightman v. Hatch, 17 Ill. 281.

McCULLOCH, J. The transactions out of which these suits

grow are fully stated in the opinion of this court in the case of Russell et al. v. Fanning, 2 Bradwell, 632, and in the opinion of the Supreme Court in same case, 94 Ill. 386, and need not be repeated here. Epler now seeks to foreclose the vendor's liens reserved in the deeds to Andrew J. Fanning and to George W. and William F. Fanning, claiming to be an assignee, in good faith and for value, of both notes secured by the deed to Andrew, and of two of the notes secured by the deed to George and William. For this purpose he has filed two bills: one against Andrew and the other against George W. and William F. Fanning, in both of which the appellants are made parties defendant. Appellants answered both bills, denying that Epler was an assignee in good faith, and also filed cross-bills, in which they alleged a great deal of the matter litigated in the former case. Epler did not answer the cross-bills, but filed pleas thereto, setting up the record in the former case as a bar to the relief prayed for in the cross-bills, to which pleas replications were filed, and upon the trial of the cause the circuit court found the pleas to be fully sustained, and dismissed the cross-bills.

The former suit was a proceeding to set aside certain deeds alleged to have been made in fraud of appellants, as judgment creditors of Sampson Fanning, the grantor, in and by which deeds the notes now sought to be collected were secured. On Epler's own petition he was made a party defendant, and filed an answer, setting up that he was an assignee, in good faith and for value, of these same notes, to which answer a replication was filed. Upon a hearing of that cause the bill was dismissed, and it is now claimed that that was an adjudication of the rights of Epler as against the claim now set up by appellants. It was not a material matter in that case in what capacity Epler held the notes, as complainants in that bill were not, as in this, seeking to participate in the proceeds of the foreclosure, but to subject the land itself to the lien of their execution, and so the Supreme Court held in deciding the case.

It is now contended by the cross-bills that Epler took said notes under a contract with Sampson Fanning to pay off certain incumbrances on the land, which he never paid, nor in-

tended to pay, nor was it intended by said Fanning he should pay; but that said contract was made fraudulently, and to aid the said Sampson Fanning in the distribution of his estate without paying his debts; and for this and other reasons set up in the cross-bills, the appellants claim they are entitled to have the liens foreclosed for their benefit.

Here is an allegation of new matter not in issue in the former case, and not pertinent to the relief therein prayed for. In 'that case the deeds themselves were alleged to be fraudulent, which allegation was adjudged against appellants; but now admitting as they are obliged to do, that the deeds are valid, they allege fraud between Fanning and Epler as the ground of the relief sought by the cross-bills. The objects of the two bills are entirely different, as are the issues made thereby. We are therefore of the opinion the plea was not wholly sustained.

It was held by the Supreme Court, upon the same proof contained in this record, that the notes secured by these several deeds remained the property of Sampson Fanning up to the time of their assignment to Epler. It now appears that Epler took an assignment of four of them to indemnify himself against the payment of the Jones mortgage upon eighty acres of land conveyed to George W. and William F. Fanning, which he (Epler) had agreed to take up. This seems to be the only consideration for the assignment of these four notes to Epler.

Now it will be observed that this Jones mortgage for $4,000 and interest, although originally the debt of Sampson Fanning, became the debt of George and William upon their assuming payment of it in part consideration for the land. Had Sampson Fanning been compelled, after his conveyance to George and William, to pay that debt, he could have turned in and foreclosed the Jones mortgage for his own benefit. Marsh v. Pike, 10 Paige, 595. Cumberland v. Codrington, 3 J. C. R. 229; Mc Lean v. Towle, 3 Sandf. 117.

George and William therefore owed for the land $6,000, that being the amount of the four notes secured by the deed, over and above the payment of the Jones mortgage. Epler's lien upon the notes will be discharged when George and Wil-

liam shall have reimbursed him for the money he has advanced for them to pay off the Jones mortgage, after which they will still owe the amount of the four notes for $1,500 each, and interest, to the estate of their father.

Should Epler fail to be reimbursed for his outlays out of the land of William and George W., still subject to the lien, he will then be entitled to reimburse himself out of the proceeds of the notes of Andrew J. Fanning, and the overplus, if any, of the proceeds of said property, and the personal liability of the makers of the notes for any deficits in the proceeds of the sales thereof, to satisfy their respective debts, will be assets belonging to the estate of Sampson Fanning, to be applied to the satisfaction of appellants' judgment.

Epler has failed to substantiate his claim of absolute ownership in the notes in question, but by his own testimony shows only a lien or qualified ownership, with the ultimate right of property, so far as now disclosed, in Sampson Fanning's estate, which in equity ought to be applied to the satisfaction of appellant's judgment. The other two notes secured by the deed to George W. and William F. Fanning, do not seem to be accounted for. In order that appellants' equities may be properly adjusted, it is necessary that the owners thereof should be made parties to these proceedings. Myers v. Wright 33 Ill. 284; Prentice v. Kimball, 19 Ill. 320. In this way, whatever of *bona fide* claims or liens upon the land there are, to be satisfied prior to appellants' judgment, may be ascertained, after which the equities of appellants may be adjusted and fixed by the decree.

We are of the opinion that appellants have equitable interests in these securities, which have been denied them by the decree of the circuit court, and although they are not set out in the cross-bills with much clearness, yet we are of the opinion that enough therein appears, not denied by answer or met by the plea of former adjudication, to justify a decree in their favor. But inasmuch as the bills must be amended, so as to bring in the holders of the other notes, the court below should grant leave generally, if asked to do so, to amend all the pleadings so as to set forth fully the rights of all the parties, and to adjust their equities, if possible, in one decree.

Reversed and remanded.