## GEORGE W. FANNING AND WILLIAM F. FANNING

### v.

## ANDREW RUSSELL ET AL.

*Former Adjudication —New Matter—Vendor's Lien—Practice.*

The facts and law of a cause, as determined by this court and by the Supreme Court, in another suit between the same parties, can not be changed, after the cause has been remanded to the court below, by the agreement of a party, the default of others, new or additional evidence however taken, or any decree of the court without the consent of the parties.

[Opinion filed August 26, 1886.]

IN ERROR to the Circuit Court of Sangamon County; the Hon. JAMES A. CREIGHTON, Judge, presiding.

Mr. GEORGE W. SMITH, for plaintiffs in error.

Messrs. KETCHAM & HATFIELD, for defendants in error.

PLEASANTS, P. J. A former decree in this case was reversed by this court upon appeal taken by these defendants

Fanning v. Russell.

in error, and the cause remanded.  10 Ill. App. 304.  The scope and result of other litigation over the same transactions may be seen in Russell v. Fanning, 2 Ill. App. 632, and 94 Ill. 386.

Inasmuch as no legal question of importance is presented by this record, it is unnecessary to repeat the statement of its history and status up to the time of the last reversal, which fully appears in the opinions so reported.

When it was redocketed upon being last remanded the defendants in error obtained leave to amend their answer to the original bill of James M. Epler, and also their cross-bill, to which he had filed the plea of former adjudication.  These amendments set forth that on the 14th of August, 1875, under a decree of foreclosure of the Jones mortgage, the master in chancery sold the E. $\frac{1}{2}$ N. W. $\frac{1}{4}$ of section 9, and the W. $\frac{1}{2}$ N. E. $\frac{1}{4}$ of section 8, to said James M. Epler, for $5,221; that on August 12, 1876, said Epler, being then the attorney of these plaintiffs in error, executed to them a certificate of redemption thereof, which was without a seal and not recorded until September 2d; that Andrew Russell, one of the complainants in said cross-bill, and defendants in error here, acting for all of them, on August 14, 1876, without any knowledge of said pretended certificate of redemption, paid to the Sheriff of Morgan County, to redeem from said sale to Epler, the sum of $5,743.10, being the full amount required for that purpose, which was by said Sheriff, on the 16th of said month, paid over to and received by said Epler, who still retains the same; that the same day said Sheriff executed to said Andrew a proper certificate of redemption, which was duly recorded, and in pursuance thereof, on November 16th, his deed of conveyance of said lands; and that the pretended previous redemption by plaintiffs in error and Epler's certificate thereof and their mortgage to him for the amount to be paid therefor, are fraudulent and void.

This was a new claim of title paramount to said E. $\frac{1}{2}$ N. W. $\frac{1}{4}$ of section 9, which is part of the lands in controversy. Plaintiffs in error were defaulted as to the cross-bill so amended without any rule upon them to answer or other means to

obtain it, and a final decree entered on the same day said amendments were filed.

This decree, which as to its material findings and provisions purports to be made by agreement of Epler and the Russells, as well as upon the pleadings, master's report of evidence and proofs taken in open court, and the default of plaintiffs in error, their mother and sisters, entirely disregards and reverses the finding, judgment and directions of this court upon remanding the cause, and the opinion of the Supreme Court upon the creditor's bill in 94th Ill. above referred to. Without passing upon the equitable title to the notes held by Epler or the others outstanding, if any, of those given by plaintiffs in error for the lands in controversy, or enforcing the vendor's lien to secure them in favor of defendants in error as prayed in their cross-bill, it dismisses the original bill, finds the facts and equities to be as stated and claimed in the cross-bill, sets aside, vacates and cancels the deed of Sampson Fanning to plaintiffs in error as fraudulent and void as against the judgment of defendants in error, declares said judgment, amounting with interest to over $13,000, a prior and valid lien upon the lands in question, and directs that unless the defendants in the cross-bill, who are the plaintiffs in error here, their mother and their four sisters referred to, shall pay the same within ten days, the special master thereby appointed to execute said decree shall sell said lands to pay the same, with the usual provisions as to certificate thereof, and deed in default of redemption, and the unusual provision that if complainants in the cross-bill or any of them shall become the purchasers at such sale they shall be let into possession upon the approval of his report, subject only to the statutory right to redeem.

Pursuant to this decree the Special Master, on November 12, 1885, sold the lands in controversy, being 134 acres, to Andrew Russell, one of the complainants in the cross-bill, for $65 per acre, or $8,710 in all.

The claim of title paramount to the E. ½ N. W. ¼ Sec. 9, set up in the amendment to the cross-bill, was clearly inconsistent with the claim also therein made, that complainant's judgment against Sampson Fanning was in equity a lien upon it, and the

agreement recited in the decree to that effect, the acceptance of said decree, declaring it such a lien, and the purchase at the Master's sale under the same, are a clear and absolute abandonment of such claim. The validity of the redemption by plaintiffs in error from the sale to Epler, and of his certificate thereof, and of that of defendants in error set up in their cross-bill, are therefore not here involved. The decree stands in favor of complainants in the cross-bill treated as a creditor's bill, against the deceased administratrix, and some but not all of the liens of the original debtor, regarding the land as still in equity belonging to his estate and subject to said complainant's judgment against him. This is manifestly and directly contrary to the adjudication of this same question by the Supreme Court in another case between the same parties and by this court in this case, both of which are in full force. It is thereby established that these lands are not subject to said judgment, nor are these plaintiffs in error; and that they are personally liable upon their notes given for the land, except so far as that liability may have been extinguished by lawful means. The fact and law so established can not be changed by any agreement of Epler, or default of plaintiffs in error, or new or additional evidence, however taken, or any decree of the Circuit Court, without their consent.

The decree is therefore reversed and the cause again remanded.

*Reversed and remanded.*