GEORGE S. ROGERSON ET AL., ADMINISTRATORS,

v.

GEORGE W. AND WILLIAM F. FANNING.

*Former Adjudication—Equity Pleading.*

Upon the case presented, it is *held:* That whether or not a former decree in the case at bar was, as a matter of fact, entered by consent, was not presented upon a former hearing here on writ of error; that that question was not rendered *res adjudicata* by the former decision of this court, and that, while the alleged fact that the decree formerly brought to this court by writ of error was a consent decree, might have been properly presented by a plea of release of errors, yet the failure to so plead does not preclude the relief now sought by a supplemental cross-bill.

[Opinion filed November 21, 1890.]

APPEAL from the Circuit Court of Sangamon County; the Hon. J. A. CREIGHTON, Judge, presiding.

Messrs. BROWN & KIRBY, for appellants.

Messrs. GEORGE W. SMITH and O. A. DeLEUW, for appel-
lees.

WALL, J.   A former decree in this cause was reversed be-
cause it was inconsistent with the previous rulings of the
Supreme Court and of this court binding upon the parties,
and because it did not appear to be by the consent of the
plaintiffs in error, whose rights were substantially affected
thereby.   21 Ill. App. 220.

After the cause was remanded a supplemental cross-bill was
filed by Andrew Russell, since deceased, averring that as a
matter of fact said decree was made by and with the consent
of the Fannings (G. W. and W. F.), and that a decree was at
the same time made by consent of all parties in the other
case of Epler v. Andrew J. Fanning.   These cases affected
different lands and involved different transactions, but the two
decrees were agreed upon as a compromise of all matters
involved in the two suits, and it is averred that Epler had
as a part of the arrangement transferred one-half of what he
should receive from the sale of lands in the A. J. Fanning
case to Elizabeth Fanning, wife of G. W. Fanning, said trans-
fer being for the use and benefit of said G. W. Fanning, and
that the lands having been sold by the master, the proceeds
of the same were applied accordingly, so that G. W. Fanning
had really got the benefit of the decree in that (the A. J.
Fanning) case, which was not reversed or otherwise annulled;
that the sale in the present case resulted in the purchase by
said Russell of the two tracts of land described, containing
134 acres at their full value, which lands were in possession
of G. W. & W. F. Fanning, who were insolvent.   The prayer
was that said G. W. & W. F. Fanning might be compelled to
abide by said agreement and adjustment, which involved the
settlement of the two cases, and that a new decree be made in
the present case to carry the same into effect as to the subject-
matter thereof; that the title of Russell to the 134 acres
might be confirmed; that a receiver be appointed to take pos-
session of said land, collect the notes, etc., pending the final
issue, etc.   The Circuit Court sustained a demurrer and dis-

Rogerson v. Fanning.

missed said supplemental cross-bill, and allowed an appeal to this court. No question is made as to the right of appeal or as to the form of the cross-bill, except that it was not sworn to, which is not urged. We shall not, therefore, consider matters of mere form that might be suggested. It is urged in support of the ruling of the Circuit Court, first, that whether the decree was by consent, it was *res judicata* on the writ of error above mentioned and can not again be litigated; second, that the point made by this bill should have been presented by a plea of release of errors, to that writ of error. As to the first point, the decision in that case was merely that consent did not appear in that record, not that there was no consent in fact. The only inquiry there, was as to the state of the record as it then appeared. The question as to whether on grounds of estoppel and to prevent inequitable consequences the plaintiffs in error should be bound by the decree and compelled to abide it, was not before us. Hence it could not have been decided.

As to the second point, that the matters now set up in the supplemental cross-bill should have been presented by a plea of release of errors, it is sufficient to say that conceding such a plea on the facts now averred would have been a good bar to the writ of error; the failure to take that course ought not to preclude relief in the mode now sought. The alleged conduct of G. W. & W. F. Fanning was exceedingly inequitable, indeed fraudulent, and they ought not to be heard to suggest that the exercise of greater skill and vigilance on the part of Russell would have rendered the fraud unavailing and fruitless. By a mere slip or oversight in pleadings they can not gain such an unjust advantage as the result of their own unfair action. This is especially true in the practice of courts of equity. We are of opinion that the supplemental cross-bill disclosed sufficient ground for the desired relief and that it was error to sustain the demurrer thereto.

The decree will be reversed and the cause remanded.

*Reversed and remanded.*