### [No. 3856.]
### LEWIS v. BOYNTON.

1. ELECTION CONTEST—PLEADING—DEMURRER—ANSWER.

The system of procedure provided by statute for contesting elections is exclusive, and if a contestee desires to controvert the truth of the matters averred in the statement of contest, he must do so by filing an answer in the time prescribed, and cannot avail himself of a demurrer for the purpose for which it is ordinarily used; but if he elects to interpose a demurrer it must be regarded as the equivalent of an answer admitting the truth of the matters averred, and it is unnecessary to introduce evidence in support of the allegations of the statement of contest.

2. ELECTION CONTEST—PLEADING—SUFFICIENCY OF ALLEGATIONS.

In an election contest for a county office the allegations of the state‑
ment of contest must bring the case within some one of the enu‑
merated causes constituting grounds for contest under the statute.

3. SAME.

In a statement of election contest, an allegation that the name of the
contestee was unlawfully printed upon the official ballot under the
name and emblem of a political party of which he was not the nom‑
inee, and that the filing of the certificate of nomination of contestee
as the nominee of such political party was the result of a fraudu‑
lent conspiracy between contestee and the county clerk, and that by
reason of having his name so printed under the name and emblem
of the said political party he had counted for him a large number of
votes to which he was not entitled, sufficient to reduce the number
of his votes below the number cast for contestor, does not state a
cause for contest under the statute. It was contestor's duty to
make his objection to the printing of contestee's name on the of‑
ficial ballot under the name and emblem to which he was not en‑
titled in seasonable time and in the manner provided by the elec‑
tion law, and failing to do so, he cannot be heard after election to
urge such objections, when to uphold them would be to overthrow
the expressed will of a majority of the legal voters of the county.

*Appeal from the County Court of El Paso County.*

Mr. I. N. STEVENS, Mr. T. J. BLACK, Mr. JOHN M. JOHN‑
SON and Mr. F. W. LIENAU, for appellant.

Mr. J. W. ADY and Mr. HARVEY RIDDELL, for appellee.

MR. JUSTICE GODDARD delivered the opinion of the court.

At the election held on November 2, 1897, Albert G. Lewis,
the contestor, was the nominee of the Democratic, Fusion
and National Silver parties, for the office of sheriff of El Paso
county, and his name appeared upon the official ballot as
the candidate of each of these parties.  W. S. Boynton, the
contestee, was the regular nominee of the Republican party,
and his name was printed upon the official ballot, as such;
and he was also designated thereon as the candidate of the
Silver Republican party.  Upon a canvass of the vote it was
found, by the board of canvassers, that Lewis had received

6,485 and Boynton 7,300 of the votes cast. Boynton was declared elected, received his certificate of election, qualified, and is now acting as sheriff of said county. Within the time required by law Lewis instituted this proceeding in the county court of El Paso county to contest the right of Boynton to the office, upon the ground that Boynton was wrongfully designated as the candidate of the Silver Republican party upon the official ballot, and that by means thereof, he had received, and there had been counted and canvassed for him, 1,500 votes to which he was not entitled, and which should have been counted and canvassed for contestor. The facts relied on as supporting this ground of contest may be briefly stated as follows:

On September 21, 1897, the Silver Republican party of El Paso county met in regular convention and nominated candidates for the various county offices to be filled at the then ensuing election, and filed a certificate of such nominations within the time required by law with the county clerk. Among the candidates so nominated, and whose nomination was so certified, was that of C. C. Smith, as candidate for the office of sheriff. The convention appointed a committee to accept resignations and fill vacancies. Smith resigned the nomination for sheriff, and on October 22, 1897, the committee accepted his resignation, and nominated Lewis, the contestor, in his stead, and through its chairman and secretary duly certified said nomination, and on October 23, in the forenoon, tendered such certificate to John W. Bates, county clerk, for filing, which he refused. On the same day, and after closing his office, the county clerk received and filed a certificate containing Boynton's name as the nominee of the Silver Republican party, to fill the vacancy caused by Smith's resignation. It is alleged that this was done in pursuance of an unlawful conspiracy between the clerk and Boynton, for the purpose of fraudulently placing the name of Boynton upon the ballot under the name and emblem of the Silver Republican party, and that in pursuance of such conspiracy, he did cause the name of Boynton to be printed on the official ballot, as the

candidate of that party; that at least 1,500 of the Silver Republicans who voted in El Paso county voted a straight ticket by placing on their ballots a cross opposite the name and emblem of the party, and that by means of the conspiracy and fraud aforesaid, and the refusal of said Bates to have contestor's name printed on the ballot as a candidate of the Silver Republican party, and the wrongful and fraudulent printing thereon of the name of Boynton as such candidate, they were misled and deceived, and cast their votes for Boynton, when intending to vote for contestor; that contestor was entitled to have these votes canvassed and declared for him; that said Boynton was not entitled to have canvassed and declared for him more than 5,800 votes; prays that there may be a recount of the votes, and that the certificate of election issued to Boynton be declared null and void, and that he, the contestor, be declared elected to said office.

Notice of contest was duly served upon contestee on November 19, 1897. On November 27 he filed a demurrer, upon the ground that the statement of contest did not state facts sufficient to entitle the contestor to the relief demanded, or to any relief. On December 17 contestor filed his motion, asking that a default be entered, and that the court fix a time for him to produce proof of the matters contained in his statement, for the reason that contestee had failed to file any answer to the statement of contest, within the time provided by law. On December 21, 1897, said motion was heard and overruled. Thereupon contestor asked leave to file a motion for judgment on the pleadings, which was denied. A hearing was then had upon the demurrer, which was sustained. Contestor renewed his motion for judgment on the pleadings, which was denied, and thereupon the court entered judgment dismissing the action. To reverse this judgment, contestor brings the case here on appeal.

Counsel for appellant contend that the court below committed reversible error in overruling the motion to note a default and set the cause for hearing. This claim is based upon the theory that a demurrer is not a proper pleading in

a contested election case, and that in the absence of an answer either admitting, or specifically denying, the allegations contained in the statement of contest, no issue is presented, and the contestee should be treated as in default.

We agree with counsel that the system of procedure provided by the act is exclusive, and that if a contestee desires to controvert the truth of the matters averred in the statement of contest, he must do so by filing an answer in the time prescribed, and that he cannot avail himself of a demurrer for the purpose for which it is ordinarily·used. But if he elects to interpose a demurrer it must be regarded as the equivalent·of an answer admitting the truth of the matters averred. We think the demurrer filed in this case may be so treated. It therefore became unnecessary for the contestor to introduce evidence in support of the allegations in his statement of contest, and the action of the court in refusing to enter default and hear testimony constitutes no error of which he can complain.

Adopting this view as to the force and effect of the demurrer, the only question to be determined is, whether the matters alleged entitle contestor to the relief he asks. In other words, do the matters set out in the statement constitute a ground of contest, under our statute? The grounds upon which the election of any person, declared duly elected to any county office, may be contested, are stated in section 1671, Mills' Ann. Stat. as follows:

" *First*. When the contestee is not eligible to the office to which he has been elected. *Second.* When illegal votes have been received, or legal votes rejected, at the polls sufficient to change the result. *Third.* For any error, or mistake, in any of the boards of judges, or canvassers, in counting or declaring the result of the election, if the error, or mistake, would affect the result. *Fourth.* For mal-conduct, fraud, or corruption on the part of the board of registry, or judges of election, in any precinct, or ward, or any of the boards of canvassers, or on the part of any member of such boards.

*Fifth.* For any other cause (though not above enumerated), which shows that another was the legally elected person."

It will not be claimed that any of the causes enumerated in the first four subdivisions exist, and in order to make the fifth ground available, it must appear that contestor was legally elected, in other words, had received the highest number of legal votes cast for any person for this office. Although Boynton's name was wrongfully upon the Silver Republican ticket, and it be granted that for this reason he was not entitled to have the votes counted for him which were cast for that ticket, still, as a matter of fact, they were cast for him by legal voters, and against contestor, and constitute a majority of the legal votes cast for that office. In these circumstances, it cannot be said that contestor received the highest number of legal votes cast, which is essential to constitute him "the legally elected person." As was said in *Saunders v. Haynes*, 13 Cal. 145 :

" An election is the deliberate choice of a majority or plurality of the electoral body. This is evidenced by the votes of the electors. But if a majority of those voting, by mistake of law or fact, happen to cast their votes upon an ineligible candidate, it by no means follows that the next to him on the poll should receive the office. If this be so, a candidate might be elected who received only a small portion of the votes, and who never could have been elected at all but for this mistake. The votes are not less legal votes because given to a person in whose behalf they cannot be counted ; and the person who is the next to him on the list of candidates does not receive a plurality of votes because his competitor was ineligible. The votes cast for the latter, it is true, cannot be counted for him, but that is no reason why they should, in effect, be counted for the former, who, possibly, could never have received them."

Cooley on Const. Lim. (5th ed.) p. 780, lays down the rule as follows :

" If the person receiving the highest number of votes was ineligible, the votes cast for him would still be effectual so

far as to prevent the opposing candidate being chosen, and the election must be considered as having failed."

To this effect are many of the adjudged cases, among them *Gill v. Pawtucket*, 18 R. I. 281 ; *State ex rel. Dunning v. Giles*, 2 Pinney (Wis.), 166 ; *Barnum v. Gilman*, 27 Minn. 466 ; *McLaughlin v. Cluley*, 56 Pa. St. 270 ; *Furman v. Clute*, 50 N. Y. 451 ; *Thayer v. Boyd*, 31 Neb. 682 ; *Sublett v. Bedwell*, 47 Miss. 266.

It is obvious, therefore, that the facts alleged do not bring this case within any of the enumerated causes which constitute grounds of contest, under our statute, but bring it clearly within the doctrine laid down in *Allen v. Glynn*, 17 Colo. 338. The fact that the county clerk, in filing the certificate of nomination of contestee, was actuated by fraudulent motives, does not take the case out of this rule, nor excuse contestor from making his objection thereto in seasonable time, and taking the necessary steps to prevent contestee's name from appearing on the ballot, under the name and emblem to which he was not entitled. Having neglected to avail himself of the opportunity afforded by the election law to have the matters complained of corrected before the election, contestor cannot be heard to urge them now, when to uphold them would result in the overthrow of the expressed will of a majority of the legal voters of the county. *Bowers v. Smith*, 111 Mo. 45 ; *Baker v. Scott*, 43 Pac. Rep. (Idaho) 76 ; *Dickinson v. Freed*, *ante*, p. 302.

We think, therefore, that the court below correctly dismissed the action. Its judgment is affirmed.

*Affirmed.*