## The German Evangelical Orphans Home et al., Appellants, v. George M. Seago, Conservator, Appellee.

CHANCERY—*jurisdiction to authorize renunciation.* A court of chancery has jurisdiction, upon petition by a conservator of an insane widow, to authorize and direct such conservator to renounce on behalf of such widow the provisions of a will made by her husband.

Bill in chancery. Appeal from the Circuit Court of Jersey county; the Hon. O. P. THOMPSON, Judge, presiding. Heard in this court at the November term, 1909. Affirmed. Opinion filed March 30, 1910.

HAMILTON & HAMILTON, for appellant.

CHARLES S. WHITE, for appellee.

MR. JUSTICE PUTERBAUGH delivered the opinion of the court.

Appellee, George M. Seago, as conservator of Caroline Meier, insane, filed in the circuit court a bill in chancery setting forth that Peter Meier, the husband of said Caroline Meier, died on or about August 6, 1908, leaving a last will and testament, which was duly admitted to probate, and letters testamentary issued to O. H. Richards, the executor named in said will; that on June 17, 1901, the said Caroline Meier was adjudged by the county court to be insane; that on August 20, 1908, George M. Seago was appointed and was acting as conservator of her estate; that said Peter Meier left no child or children, nor any descendants of any deceased child or children surviving him; that his estate, as shown by the inventory, consisted of personal estate of the value of about $25,000, and that the widow's award was fixed by the appraisers at $1,875; that by his said will the said Peter Meier bequeathed to his executor, as trustee, the sum of $5,000 to be held by him in trust for the benefit of the said Caroline Meier, so long as she should remain insane, and provided that in case she became restored the same was to be paid to her, but that if she did not regain her sanity, the said trust fund should upon her death be divided among certain nephews and nieces of the testator; that the sum of $2,000 was bequeathed to the appellant Orphans' Home, and the residue of the estate to the appellant The Evangelical Synod, to be used by it for the benefit of widows and orphans. The bill further sets forth that by reason of the insanity of said Caro-

78    APPELLATE COURTS OF ILLINOIS.

German Evang. Orphans Home v. Seago, 155 Ill. App. 76.

line Meier, she was not competent to elect under the statute to accept the provisions of said will in her favor, or to renounce the same, or to make her relinquishment and selection in said personal property under her widow's award. The bill prayed that the court elect for the said Caroline Meier and renounce the provisions of said will in her favor, and by its decree declare that she should take her share of the estate of said Peter Meier under the statute, and elect for her as to what property she should take upon her award. The bill was afterward amended by striking out the prayer that the court select the property to be taken by Caroline Meier upon her "widow's award."

A general and special demurrer was filed to the amended bill by appellants, all other defendants having defaulted, which demurrer was overruled, whereupon appellants elected to abide by the same. Upon the hearing of the cause, a decree was rendered finding the facts to be as set out in the bill; that said Caroline Meier was still insane and that it was for her best interest that the provisions in her favor in the will of her husband be renounced and that she take her share in his estate under the statute in such case made and provided. It was ordered and decreed that the complainant, as conservator of Caroline Meier, file in the county court a written renunciation of the provisions of said will in her favor, and elect to take for her in lieu thereof, the share in said estate as by the statute in such case made and provided. Appellants insist that the chancellor had no jurisdiction to decree the relief asked; that the right of election and renunciation conferred by the statute upon the widow of a testator, is purely personal and cannot be exercised for her by any other person, and that the statute is binding upon courts of equity as well as those at law; that the legislature having by the adoption of the statute exercised its power to legislate upon the subject-matter, such

statute must be strictly complied with, and that if no provision is therein made for insane widows, relief should be sought by legislation and not through a court of chancery.

We agree with counsel for appellants that the right in question is purely personal, and could not be exercised for an insane widow by her conservator, of his own motion and solely upon his own judgment and discretion. Pinkerton v. Sargent, 102 Mass. 570; Crenshaw v. Carpenter, 69 Ala. 472. We cannot, however, assent to the proposition that it is intended by the statute that a widow who is insane, is by reason of such infirmity, deprived of the right and benefit conferred by the statute. The decree finds that it was for the best interest of Caroline Meier that the provisions of the will for her benefit be renounced, and that she take under the statute. The effect of the statute was therefore to confer upon Caroline Meier a certain property right of the benefit of which she would be deprived unless the same was properly claimed and conserved. It is well settled that courts of equity in the exercise of their jurisdiction over the estates of insane persons and minors, have the power to prescribe remedies and enforce by decree the securing and conserving of the property rights of such persons that would otherwise be lost to them. The effect of the decree in the present case is not to confer upon the conservator the power of election and renunciation in contravention of the terms of the statute; it but directs the conservator to perform a ministerial duty necessary for the preservation of a right to which the court finds the widow was entitled. The principle that a court of chancery has jurisdiction, upon petition by the conservator of an insane widow, to renounce the provisions of a will under statute similar to that under consideration, is supported by the following among other authorities: Penhallow v. Kimball, 61 N. H. 596; State v. Hunt, 88

Minn. 404; Van Steenwyck v. Washburn, 59 Wis. 483; Andrews v. Bassett, 92 Mich. 449, 17 L. R. A. 299; Kennedy v. Johnston, 65 Pa. St. 451.

The decree of the circuit court is affirmed.

*Affirmed.*