In the Matter of MABEL L. BROWN, an Incompetent Person, upon the Application of the MECHANICS AND METALS NATIONAL BANK OF THE CITY OF NEW YORK, as Committee of the Person and Property of Said MABEL L. BROWN, an Incompetent Person, Respondent, for an Order of the Court Electing on Behalf of the Said MABEL L. BROWN between the Provision Made for Her in the Last Will and Testament of Her Deceased Husband, HERBERT W. BROWN, and Her Dower Interest in Said Testator's Real Property.

RICHARD L. BROWN and Others, Appellants.

Second Department, April 9, 1925.

**Dower — election between dower and devise in lieu thereof — widow is incompetent — Supreme Court has power to make election.**

The Supreme Court in the exercise of its equitable powers over estates of incompetents has the power, where property is devised to a widow in lieu of dower and she is incompetent, to make such election on her behalf as upon careful inquiry it appears that she would have made if sane.

APPEAL by Richard L. Brown and another, infants, by Raymond E. Aldrich, their special guardian, and by Mechanics and Metals National Bank of the City of New York, as general guardian of the person and property of Richard L. Brown, and as general guardian of the property of Elizabeth G. Brown, an infant, and by Grace B. Drake, as general guardian of the person of Elizabeth G. Brown, an infant, from an order of the Supreme Court, made at the Dutchess Special Term and entered in the office of the clerk of the county of Dutchess on the 19th day of December, 1924, which declared an election by the court on behalf of Mabel L. Brown, an incompetent person, to take her interest under the provisions made for her in the last will and testament of her husband, Herbert W. Brown, deceased, and to renounce her dower interest in the real property of which he was seized at the time of his death.

*Raymond E. Aldrich* and *George Wright Hinckley,* for the appellants.

*Herbert Barry* [*Henry W. Proffitt* and *John R. Schwartz,* special guardian, with him on the brief], for the respondent.

YOUNG, J.:

The application upon which this order was made is based upon a petition by the Mechanics and Metals National Bank of the City of New York, as committee of the person and property of

Mabel L. Brown, an incompetent person. The facts are undisputed. On April 10, 1924, Herbert W. Brown died in New York city, a resident of New Rochelle, Westchester county, leaving a will bearing date November 23, 1923. This will, among other things, created a trust fund of $200,000, the income of which was to be applied by his trustees for the care of his widow, Mabel L. Brown, with power to such trustees to expend not more than $5,000 in any one year of principal in addition to the income, if the proper and adequate care of his widow required such expenditure. He left him surviving his widow, the said Mabel L. Brown, and a daughter, Elizabeth G. Brown, an infant, of the age of sixteen years, and a son, Richard L. Brown, an infant, of the age of twelve years, as his only heirs at law and next of kin. The will was admitted to probate in the Surrogate's Court of Westchester county on May 13, 1923, and letters testamentary were duly issued to the executors named therein, who duly qualified as trustees thereunder and are now acting as such. On May 23, 1924, the petitioner was appointed by the Surrogate's Court of Westchester county guardian of the property of said Elizabeth G. Brown and Richard L. Brown, infants, and on June 20, 1924, it was also appointed by that court guardian of the person of said Richard L. Brown, an infant, and is still acting as such. On May 5, 1924, Mabel L. Brown was duly committed to Craig House at Beacon, Dutchess county, N. Y., which is a private sanitarium for the care and treatment of nervous and mental diseases. For several years prior thereto she had been mentally deranged and incompetent to manage herself or her affairs, and on July 11, 1924, was duly adjudged incompetent to manage herself or her affairs, and the petitioner was appointed committee of her person and estate, and has been since acting as such.

A contract for the sale of certain real property belonging to the decedent, situate in New Rochelle, was made, and the Westchester Title and Trust Company reported that the title thereto would be defective unless Mabel L. Brown, the widow of the decedent, should join in the deed.

It appearing that the will did not specifically provide that the provisions made therein for the testator's widow were to be in lieu of dower, application was made to the Surrogate's Court of Westchester county for a construction thereof, which resulted in a decision by the surrogate and a decree on November 7, 1924, that the testator's widow was not entitled to take under the will and also to insist upon her dower right, but is put to an election.

The petition asks that an order be made whereby the court shall elect on behalf of the said incompetent person as between

her dower interest in the real property and the provisions made for her in the will.

This application was opposed by the general guardians of the two infants and by a special guardian appointed to represent them in this proceeding.

The value of the dower right of the widow in the real estate is $12,636.87 and the value of her interest under the will is $125,740.

The court at Special Term granted the application and elected in behalf of the incompetent to take her interest under the will, and to renounce her dower in decedent's real property. From the order entered thereupon the general and special guardians for the infants appeal.

The question presented by this appeal is whether, the widow being incompetent and unable to make any election, it is within the power of the Supreme Court to make the election for her.

This question has never been determined in this State. Under section 201 of the Real Property Law, a widow is deemed to have elected to take the devise or pecuniary provisions of a will made for her in lieu of dower unless, within one year after the death of her husband, she enters upon the lands assigned to her for her dower, or commences an action for her dower. This privilege of election has been held by the Court of Appeals to be purely personal to the widow. (*Flynn* v. *McDermott*, 183 N. Y. 62.) It has also been held by this court that this right of election is wholly personal to the widow and that neither a committee nor the State Commission in Lunacy has any authority to elect on her behalf. (*Camardella* v. *Schwartz*, 126 App. Div. 334.)

But in *Matter of Haslett* (188 App. Div. 208) the present Presiding Justice KELLY of this court, in considering the question of allowances out of the estate of an incompetent for services performed for his benefit, held that where a committee had been appointed of an incompetent, the general jurisdiction of equity extends over such committee in the same manner as over all other strictly fiduciary persons, and said that " such allowances or payments rested in the sound discretion of the court exercising equitable jurisdiction and acting for the incompetent in reference to his estate as it supposes the incompetent would have acted if he had been of sound mind." He also quotes the language of Lord ELDON in *Ex parte Whitbread* (2 Mer. 99), that " the court will not refuse to do, for the benefit of the Lunatic, that which it is probable the Lunatic himself would have done."

That case was reversed in the Court of Appeals (227 N. Y. 145), but not upon this proposition, as that court said, by Judge

MCLAUGHLIN: " All of the authorities, so far as I am aware, where allowances of this character have been made, are upon the theory that the lunatic would, in all probability, have made such payments if he had been of sound mind " (pp. 149, 150), citing *Matter · of Farmers' L. & T. Co.* (181 App. Div. 642; affd., 225 N. Y. 666).

The Court of Appeals, however, held that the petition did not state facts which would justify the court in reaching the conclusion that if the incompetent were restored to health, he would pay the claim.

It seems to me that the same principle applies to the question here involved, and the court in the exercise of its equitable powers over the estate of the incompetent should make such election as upon careful inquiry it appears that the incompetent would have made if sane.

This is in accord with the rule adopted in other jurisdictions, that a court of equity has power and authority in a proceeding properly brought, to exercise on behalf of an incompetent a right of election between an interest secured to the incompetent by statute and an interest given to such incompetent by will. This rule has been laid down in England, and also, in this country, in Wisconsin, Illinois, New Hampshire, Pennsylvania, Michigan, Minnesota, Mississippi, Tennessee, Kentucky, Iowa and Virginia. (*Wilder* v. *Pigott*, L. R. 22 Ch. Div. 263; *Matter of Marriott*, 2 Moll. 516; *Van Steenwyck* v. *Washburn*, 59 Wis. 483; *German Evangelical Orphans Home* v. *Seago*, 155 Ill. App. 76; *Penhallow* v. *Kimball*, 61 N. H. 596; *Kennedy* v. *Johnston*, 65 Penn. St. 451, 455; *Andrews* v. *Bassett*, 92 Mich. 449; *State ex rel. Percy* v. *Hunt*, 88 Minn. 404; *Hardy* v. *Richards*, 98 Miss. 625; *Wright* v. *West*, 2 Lea [70 Tenn.], 78; *Harding's Admr.* v. *Harding's Exr.*, 140 Ky. 277; *Matter of Stevens*, 163 Iowa, 364; *Trower* v. *Spady*, 117 Va. 173.) It is also laid down in various text books, covering the subject. (2 Story Eq. Juris. [13th ed.] § 1075; 11 Am. & Eng. Ency. of Law [2d ed.], 79; Bispham Eq. Juris. [8th ed.] § 304; 1 Pom. Eq. Juris. [3d ed.] § 510; Gardner Wills [2d ed.], 542; 32 C. J. 749.)

But it is urged by the appellants that the court is without any such power, and that as this right of election is purely personal to the widow, it cannot, under our statute, be exercised by any one else, not even the court, citing 2 New York Law of Wills (by Davids, published in 1924, § 1032, pp. 1591, 1592).

Appellants also argue that, while in the present case the pecuniary provision of the will is so much more beneficial to the widow than her dower right, that it may be assumed that she would, if sane, take such pecuniary provision, the question here is not which is most beneficial, but is one of power, and that if the court can

elect in this case, the same thing could be done where the dower and the pecuniary provision were practically the same, and indeed, a case might be assumed where the exercise of such a discretion of the court might operate to the disadvantage of the widow.

But, although this result is possible, it is highly improbable, if the discretion is properly exercised and the election only made after a careful inquiry as to what is best and most advantageous for the incompetent. This discretion would be, of course, subject to review, and I cannot see that there is any great danger to be apprehended from the adoption of this rule.

The great weight of authority is that the court has the power to make an election for the widow where she is insane and incapable of making it for herself.

The order should, therefore, be affirmed, with costs payable out of the incompetent's estate to all parties filing briefs in this court.

Present — KELLY, P. J., MANNING, KELBY, YOUNG and KAPPER, JJ.

Order unanimously affirmed, with costs payable out of the incompetent's estate to all parties filing briefs in this court.