In the Matter of the Judicial Settlement of the Account of ROBERT
M. BROWER and Another, as Executors, etc., of WILLIAM
CHADWICK STEVENS, Deceased.

Surrogate's Court, Bronx County, September 30, 1925.

Dower — election to take devise in lieu of dower — Supreme Court may
elect for incompetent widow — order on application for permission to
release dower in certain property not election — matter should be
submitted to Supreme Court.

The Supreme Court has power to make an election for an incompetent widow
between a devise to her in the will of her husband in lieu of dower and her dower
right in his estate.

An order, on an application made by a committee of the widow for permission
to release her dower right in certain real property of the husband in which no
request is made for an election by the Supreme Court, does not constitute an
election on behalf of the widow to take her dower right instead of the devise
in the will in lieu of dower, although the order directs that the committee retain
the balance of the proceeds realized from the release of the dower.

Whether or not the surrogate might make an election on behalf of an incompetent
widow is not decided, but in view of the fact that the matter has been before
the Supreme Court on an application to release dower in certain real property,
it is advisable that any application with respect to an election on behalf of the
widow should be made to that court, so that no confusion may result.

PROCEEDING for an accounting of executors involving the con-
struction of a will.

*Harry Civiletti,* for the executor.

*Charles Stein,* special guardian for Edward D. Stevens.

*Dominic L. O'Reilly,* special guardian for Augusta L. Stevens.

*Jonathan Holden,* for the Westchester Mortgage Company.

*Isaac Levison,* for Dora Frank, assignee.

SCHULZ, S.:

The petitioner in this accounting proceeding requests the deter-
mination of the court as to the effect of paragraph " seventh "
of the will.

The special guardian for one of the incompetents contends that
it is necessary to determine whether the widow of the decedent
is endowed of the lands of her husband, or is deemed to have elected
to take the provisions made for her in his will, and interposes
objections to certain payments made by the petitioner for her
dower interest.

In the " seventh " paragraph of the will the decedent establishes
a trust in the sum of $5,000, the net profits of which were to be
applied to and for the use and benefit of his wife during her natural

life.    Upon her death, the amount was to be divided into six parts which he distributed among his six children.    In the same paragraph he provides, with reference to the trust fund established, as follows: " This aforesaid trust I purposely make intending the trust to be in lieu of her dower right in the real property and is to be accepted by her and for her as such."

It is apparent that the testator intended to indicate that the benefits which the wife was to receive from the trust were, if accepted by her, to be in lieu of her dower.    As the decedent was seized of an estate of inheritance in certain lands during the time that he was married, that fact and the provisions of the will caused a situation where the surviving widow was put to an election.    She could enter upon the lands of which she was endowed or begin an action to admeasure her dower or she could accept the testamentary provisions in her favor.    She could not get both the dower and the benefits under the will.    (See citations in *Matter of Junge*, 125 Misc. 707.)

Under ordinary conditions if she did not enter upon the lands or begin the action stated within one year, she would be deemed to have elected to take the testamentary provision.    (Real Prop. Law, § 201.)    The widow of this decedent, however, was an incompetent, and hence could not make the election herself; neither could her committee nor the lunacy commission make it for her because the right to do so is a purely personal right.    (*Flynn* v. *McDermott*, 183 N. Y. 62; *Camardella* v. *Schwartz*, 126 App. Div. 334.)

It must be evident, however, that the right which she has and the prudent exercise of which might mean much to her, should not be lost because of her affliction, and that somewhere should rest the power to elect for her that which, under all the circumstances, is for her best interests.

It appears that prior to the decision in *Matter of Brown* (212 App. Div. 677, decided in April last and affd., 240 N. Y. 646 on the opinion below), the question where this power lay had never been determined in this State.    Fortunately, the matter is no longer in doubt.    After referring to a case in which it was held that allowances and payments out of the estate of an incompetent, for services performed for his benefit, rested in the sound discretion of the court exercising equitable jurisdiction and acting for the incompetent in reference to his estate, as it supposes the incompetent would have acted if he had been of sound mind, Mr. Justice YOUNG of the Appellate Division of the Second Department wrote in *Matter of Brown* (*supra*): " It seems to me that the same principle applies to the question here involved, and the court in the exercise of its equitable powers over the estate of the incompetent should

make such election as upon careful inquiry it appears that the incompetent would have made if sane. This is in accord with the rule adopted in other jurisdictions, that a court of equity has power and authority in a proceeding properly brought, to exercise on behalf of an incompetent a right of election between an interest secured to the incompetent by statute and an interest given to such incompetent by will. This rule has been laid down in England, and also, in this country, *  *  *" (citing numerous cases), and again: " The great weight of authority is that the court has the power to make an election for the widow where she is insane and incapable of making it for herself." Such, therefore, is the law applicable to the matter now before me.

After the death of the decedent it appears that a proceeding was brought upon a petition of the committee of the incompetent which prayed for the relief that an order be made directing the committee to release the dower of the incompetent in certain lands mentioned therein, which were owned by the decedent, and directing that the executors pay to the committee a sum which might be determined by the court to be the value thereof or permit the committee to take an interest in a certain purchase-money mortgage which was given as a part of the consideration.

So far as the record submitted to me discloses, the application to the Supreme Court was not that it make an election on behalf of an incompetent widow. No such prayer is contained in the petition of which a copy is annexed to the papers; nor does the order of which a copy has been submitted, in terms, give such relief, and the proceeding did not affect all of the real property of which the decedent was seized during marriage and in which his widow had dower. Some doubt, however, may arise from the fact that the order ratifying and approving the agreement made by the committee contains a direction that the latter retain the balance of the proceeds realized from the release of the dower. It might be contended that this indicated that an election had been made. I do not so construe it. If the Supreme Court had not made such an election, it might be urged that this court could make the same under the broad equitable powers which resulted from the amendment of section 2510 of the Code of Civil Procedure, now found in section 40 of the Surrogate's Court Act. No application has been made to me to so elect, however, and hence that question is not determined by me.

As the dower matter has already been before the Supreme Court, at least in one form, and as there may be some doubt whether an election was made or not, I think it advisable that any application

with respect to an election on behalf of the widow should be made to that court so that no confusion may result. Until this has been done and it is clear that an election has taken place or is then made, the account of these executors cannot be judicially settled, and no decree of distribution can be made.

The matter will be held in abeyance for a period of one month from date to enable the petitioners to take such action as they may be advised, after which time either side may make such further application to this court as the circumstances then warrant.