PAUL H. WILLIAMS, as Sole Surviving Executor of the Last Will and Testament of CHARLES E. B. WILLIAMS, Deceased, Plaintiff, v. ELDRED REFINING COMPANY OF NEW YORK, INC., Defendant.

Supreme Court, Madison County, September 21, 1927.

Vendor and purchaser — action for specific performance of land contract — ordinance enacted subsequent to execution of contract now prohibits intended use of property — title subject to possible dower rights — specific performance denied — reformation denied — defendant's recovery limited to amount paid by it upon contract of purchase.

In this action for the specific performance of a land contract under which the vendor agreed to furnish a deed showing marketable title, free from all incumbrances, it appears that the deed in the form tendered by the plaintiff would leave the defendant with a title subject to the possibility of litigation, and because defendant should not be compelled to purchase a possible lawsuit, plaintiff is not entitled to specific performance of the contract.

The fact that subsequent to the execution of the contract an ordinance was enacted prohibiting the defendants from using the property for the purpose for which it was purchased, and the further fact that the title offered is subject to possible dower rights, warrants a finding that it would be inequitable to require the defendant to take title to the property.

Defendant is not entitled to a reformation of the contract where it appears that it had full opportunity for examination and in the absence of evidence showing that defendant was misled in any way by plaintiff.

Defendant's recovery is limited to the amount paid by it upon the contract of purchase with interest. Its claim for sums expended in litigation concerning the ordinance is not substantiated in the absence of proof showing any agreement between the parties that defendant would be reimbursed for testing the validity of the ordinance. A further claim for sums alleged to have been spent in investigating the title to the property cannot be upheld where there is nothing to show that the defendant has expended any amount or incurred any liability for such expenses.

ACTION for specific performance of land contract.

*Coley & Kiley*, for the plaintiff.

*Harry V. Clements* [*Benjamin C. Meade* of counsel], for the defendant.

46

RHODES, J.   This action is brought to enforce the specific performance of a land contract in writing made between the plaintiff as vendor and defendant as vendee early in the year 1924.   The property in question consists of a lot at the northeast corner of Main and Sand streets in the city of Oneida.   By the contract the vendor was to furnish satisfactory deed showing good, marketable title, free from incumbrances except such as were specified in the contract.   It also provided that payments made by the vendee shall be returned " if purchaser is prevented by the Oneida city authorities from installing gasoline storage tanks in the ground, in which event this entire offer and agreement shall be null and void."   Defendant interposed several defenses, one being that plaintiff has not been at any time the full owner of the real property and able and entitled to convey it, but that there has always existed therein an outstanding dower right belonging to Grace Lindsiey Williams, as the widow of Charles E. B. Williams, she being an adjudged incompetent person, and she having continually been so incompetent ever since some time prior to the death of her said husband, and that said dower right was never extinguished and the proposed deed and title proposed to be tendered by plaintiff to the defendant did not purport to convey the same and that such dower right is still outstanding and constitutes a cloud and incumbrance on this title.   The answer also seeks a reformation of the contract upon the ground that it does not set forth the real agreement between the parties, alleging that the property was purchased by the defendant for a filling station and that the understanding and agreement of the parties was that the sale should not be consummated if the proposed use of the premises should not be permitted by the city of Oneida.   It further alleges that the defendant was prevented from using said premises as a filling station by the adoption of certain ordinances of the city of Oneida after the said agreement was signed and that these facts thereby make it unjust and inequitable that this court should decree that defendant be compelled to accept the premises with such incumbrance and prohibition against the only use for which they were intended to be used by the defendant.

The property in question belonged to Charles E. B. Williams at the time of his death.   By his will the testator, among other things, devised to Paul H. Williams and Faith Williams the sum of $15,000 to be set aside from his personal estate in trust for the benefit of his wife, Grace Williams, during the term of her natural life, and provided that the provision for his said widow should be in lieu of her dower in his real estate and her exemptions as surviving widow.   A proceeding was instituted before Hon. Joseph

D. Senn, then surrogate of Madison county, seeking among other things for the judicial construction of said will and in said proceedings a decree of said Surrogate's Court was made on December 8, 1919, construing said will by which it appears that a special guardian was appointed for said incompetent widow. The decree directed said Paul H. Williams and Faith Williams, as executors, out of the property of said testator to set aside a sufficient sum to make good said trust fund to the full amount of $15,000. The will gave the executors power to sell real estate. The decree further contains the following provision: " And the said Grace Williams having been duly adjudged an incompetent and the court having, from the testimony taken herein, become sufficiently acquainted with the facts and circumstances concerning the financial condition of said Grace Williams to enable it to make an election for her to accept the provisions made for her by said will in lieu of her right of dower and other interest in the estate of said testator, it is ORDERED, ADJUDGED AND DECREED that this court elect and it does hereby elect for her and in her behalf to accept the provisions made for her in said will provided said trust fund is made good in full, and a committee of her person and estate having been duly appointed and having qualified, said committee is ordered and directed to quit claim for said Grace Williams all right or interest in the real property of which said testator died seized except such, if any, as may be set apart as a portion of said trust fund reserving however the rights in the late dwelling house of said testator devised to her by said will." Defendant argues that the Surrogate's Court had no power to exercise this right of election, such right being vested only in the Supreme Court. Apparently the appellate courts have never determined the question as to whether or not the Surrogate's Court has authority to make such an election (see *Matter of Stevens,* 125 Misc. 712), although it is now settled that such an election may be made by the Supreme Court. (*Matter of Brown,* 212 App. Div. 677; affd., on opinion below, 240 N. Y. 646.) If it be assumed that the surrogate did have authority to elect for the widow herein, and that he has properly so elected in her behalf, still I think the plaintiff must fail. It will be noted that the decree of the surrogate elected for her and accepted the provisions made for her in said will, " *provided said trust fund is made good in full.*" It appears from the testimony before me that the trust fund has never been made good, neither has any deed of the interest of the incompetent widow been tendered. It, therefore, appears that the attempted election had not been made complete. A conveyance in the form tendered by the plaintiff would leave defendant with a title subject to doubt

and uncertainty and faced with the possibility of litigation relative to the widow's dower rights. I do not think the defendant should be compelled to purchase a possible lawsuit. (See statement of rule in *Empire Realty Corporation* v. *Sayre*, 107 App. Div. 415, and cases therein cited.)

I do not think the defendant is entitled to a reformation of the contract. The instrument was prepared and forwarded to the defendant for its examination and inspection, and the paper in question was in defendant's possession for several days. Full opportunity was afforded for its examination and it cannot be said that the defendant was misled in any way by the plaintiff. However, I do not think a reformation of the contract is necessary. The defendant claims and it is apparent that it desired the property solely for the purpose of a filling station. After the contract was entered into, the city of Oneida adopted ordinances prohibiting the maintenance of a filling station at the place where the premises are located. It is manifest that the defendant is prevented from using the property for the only purpose for which it was purchased. In view of the changed situation, it seems to me that it would be inequitable to require the defendant to take the property. (See *Gotthelf* v. *Stranahan*, 138 N. Y. 345; *Hammer* v. *Michael*, 243 id. 445; *Anderson* v. *Steinway & Sons*, 178 App. Div. 507; affd., 221 N. Y. 639.)

There remains the further question as to the amount of defendant's recovery, in addition to the payments made under the contract. Defendant claims to have expended certain sums for legal expenses in an action brought to test the validity of the zoning ordinance regarding the premises. The allegation of the defendant's answer is that the expenditures in testing the validity of the ordinances were made by the defendant at the instance and request of the plaintiff. I do not find any testimony in the record which substantiates the claim that the expenditures were made at the instance and request of the plaintiff. In the absence of any such agreement, I do not think the defendant can recover back the expenses incurred in the litigation relative to the ordinances. When the ordinances were adopted, the defendant's right to refuse to accept title thereupon became fixed in so far as the question of the ordinances was concerned. If the defendant was justified in refusing to complete the purchase because of the subsequently enacted ordinances, then it was not necessary for it to incur additional expense in testing the validity of the ordinances. It seems to me that if the defendant was justified because of the adoption of the ordinances in refusing to accept title, the burden then rested upon the plaintiff to remove such objection and that

the defendant was not required to expend money therefor.  Defendant's answer also alleges that it has expended large sums in procuring the examination of the title to these premises.  Unquestionably the defendant would be entitled to recover back any such sums expended in investigating the title.  (See *Klim* v. *Sachs,* 102 App. Div. 44; *Empire Realty Corporation* v. *Sayre, supra; Northridge* v. *Moore,* 118 N. Y. 419.)  There is nothing in the record, however, showing that the defendant has expended any amount or incurred any liability for expenses in examination of title.  Therefore, so far as the facts before me are concerned, the only amount which the defendant would be entitled to recover is the $100 paid by it upon the contract of purchase, together with interest thereon.

The plaintiff's complaint should, therefore, be dismissed and defendant should have judgment against plaintiff in the sum of $100, with interest thereon from April 15, 1924, as demanded in the answer, with costs.