Arthur K. Aagesen, Sr., Administrator of the Estate of Anna Christina Hansen, Plaintiff-Appellant, v. C. M. Munson, Executor of the Last Will and Testament of James Hansen, and Knute Hansen, Richard Hansen, Krastian Nielsen, Iver Henna, Otto Bidstrup, Elmer Schou, and Agnes Skiller, Devisees and Legatees Under Said Last Will and Testament, Defendants-Appellees.

Gen. No. 11,376.

Second District, First Division.

April 28, 1960.

Ernest H. Pool, Sr., of Ottawa, Wayne Wilson, of Sycamore, and Harold E. Hansen, of DeKalb, for appellant.

O'Brien, Burnell, Puckett, and Barnett, of Aurora, Thomas M. Anderson, of Earlville, Kenneth L. Carnahan, of Sycamore, and Daniel L. Cliffe, of Shabbona (Wilson D. Burnell, Thomas M. Anderson, Kenneth L. Carnahan, and Daniel L. Cliffe, of counsel) for appellees.

PRESIDING JUSTICE McNEAL delivered the opinion of the court.

This is a suit filed by the administrator of a deceased, incompetent widow seeking renunciation of her husband's will. The facts contained in the amended complaint follow. Anna Christina Hansen was adjudged an incompetent on March 20, 1958. On April 16 following, her husband, James Hansen, executed a will wherein he left his estate in trust. The trust provided that the income and, if necessary, the principal of testator's estate be used for the support of his wife Anna, and upon her death the residue be divided among four persons, two of whom were not related to the testator or his wife. James Hansen died on August 1, 1958, and his will was filed on August 6. On the same day a petition was filed asking that a conservator be appointed for Anna Christina Hansen, and a conservator was appointed for her on August 29. Anna Christina Hansen died September 6, 1958, with-

337

out any steps having been taken by her conservator to renounce the will of James Hansen. His will was not admitted to probate until October 10, 1958.

This action was brought by the administrator of the estate of Anna Christina Hansen to determine whether the will of James Hansen should be renounced. Motions were filed to dismiss the complaint on the ground that the right to renounce was personal to the widow and died with her. These motions were allowed, judgment was entered for defendants, and this appeal followed.

■ Appellees moved to transfer this cause to the Supreme Court on the ground that a freehold is involved, citing First Nat. Bank of Danville v. McMillan, 12 Ill.2d 61, and In re Estate of Reighard, 402 Ill. 364. An examination of these cases reveals that they were decided upon the merits, and the appeals were properly taken to the Supreme Court because that Court's decision would necessarily determine the freehold. On the other hand, the instant case is appealed on the pleadings. The decision on this review will not necessarily determine the freehold, and an appeal does not properly lie to the Supreme Court. Central Standard Life Ins. Co. v. Davis, 7 Ill.2d 266. Accordingly the motion to transfer this cause is denied.

■ It appears to be well settled that a will may be renounced during the lifetime of an incompetent widow, provided that such renunciation is found to be in her best interest. First Nat. Bank of Danville v. McMillan, 12 Ill.2d 61; In re Estate of Reighard, 402 Ill. 364; Davis v. Mather, 309 Ill. 284; Emmert v. Hill, 226 Ill. App. 1; and German Evangelical Orphans Home v. Seago, 155 Ill. App. 76. Appellees rely on Sippel v. Wolff, 333 Ill. 284. In that case application to renounce was made during the lifetime of the incompetent widow. The application was denied and no

appeal was taken. When the widow's heirs later sought to renounce, the Supreme Court held that they were barred by the earlier adjudication. The decision in that case is not controlling in the instant case.

██ In the absence of controlling Illinois authority, decisions from other jurisdictions are persuasive. In this connection our attention has been called to Mead v. Phillips (U. S. Court of Appeals, District of Columbia, 1943) 135 F.2d 819, reported as a leading case in 147 ALR 322. In that case the testator left his property in trust. The will provided that the income and, if necessary, the principal of the estate be used for the support of testator's wife, and upon her death that the residue go to testator's sisters. Testator's wife was incompetent and no action was taken during her lifetime to renounce the will. Upon her death her administratrix filed suit alleging that application to renounce should have been made during the widow's lifetime and asking that the widow's rights in her husband's estate be established. A motion to dismiss the complaint was allowed. One of the grounds specified in the motion was that the right to renounce terminated with the death of the mentally incompetent widow. Upon review the Court of Appeals recognized the general rule that equity may permit a renunciation on behalf of an incompetent widow. The Court further recognized that there is a decided conflict in the authorities as to whether equity will permit renunciation on behalf of a deceased incompetent widow, but felt that the better reasoned cases permit such a renunciation. The Court analyzed a number of cases on the subject and the various reasons advanced in support of denying renunciation, but concluded that they were without validity and should not prevent the personal representative of a deceased, incompetent widow from applying to a court of equity to determine wheth-

er renunciation should be permitted. See also 97 C. J. S. 23, Wills, Sec. 1246; 57 Am. Jur. 1042, Wills, Sec. 1531; and In re Henderson's Estate (Kan. 1954), 268 P.2d 941.

██ Courts of equity have always been careful to protect the rights of widows, infants and insane persons and we do not believe that either the insane widow or those holding under her should be deprived of their rights by reason of the fact that the widow's conservator did not apply to the court to determine whether renunciation was to the best interest of the widow. Accordingly the judgment entered by the Circuit Court of DeKalb County is reversed and remanded for further proceedings consistent with the views expressed herein.

Reversed and remanded.

DOVE and SPIVEY, JJ., concur.