NATHAN PRENTICE, Appellant, *v.* PHINEAS KIMBALL, Appellee.

### APPEAL FROM McDONOUGH.

In equity all persons who have any substantial, legal or beneficial interest in the question litigated, or who may be materially affected by the decree to be rendered, must be made parties; the only exception is, where the parties are very numerous and so widely scattered that their names and residences cannot be ascertained without great difficulty.

Where the want of proper parties to the suit is apparent, advantage should be taken of it by demurrer or motion to dismiss, if not patent, by plea or answer.

Where parties are omitted, who are merely formal, or who are not interested in the merits of the decision, it will be too late to take advantage of it at the hearing; but if they are directly interested in the decree, advantage of the omission may be taken at the hearing, or on appeal, or on error. Courts will, *ex officio*, take notice of such omission, and rule accordingly.

THIS was a bill filed in McDonough Circuit Court, 7th February, 1854, by appellee against appellant, together with J. P. M. Buchanan and Jabez J. Piggott. Bill alleges that on the 27th of August, 1851, complainant was the owner in fee of the N.W. qr. of Sec. 17, T. 6 N., R. 1 W., in said county. Said premises were patented to Levi Cole, 1st Jan., 1818, and complainant holds by regular conveyances from patentee, derived through defendant, Piggott. Piggott conveyed to one Thomas Culvertson, on the 9th December, 1850, deed recorded 8th Febuary, 1853; that said premises were, on the 27th August, 1851, and still are, vacant and unoccupied; that said Piggott was, on the 27th August, 1851, a resident of this State and so continues to be; that in the spring of 1852, said Piggott as principal, and Whitefield and Kenney as securities, were indebted, by note, to Prentice, $300. On the 19th May, 1852, Prentice commenced suit, by summons, against Piggott, Whitefield and Kenney, in the Hancock Circuit Court. Whitefield was served and other defendants not served. On the 3rd August, 1851, Piggott entered his appearance and filed cognovit. On the 4th December, 1852, Prentice sued out of said court an attachment, directed to the

Sheriff of McDonough county, against said Piggott, in aid of his suit, filing the proper affidavit and bond, which affidavit alleges the non-residence of Piggott. No attachment was issued to sheriff of Hancock. The return by the sheriff of McDonough shows a levy on the above described premises on the 5th day of December, 1852, and was filed with the clerk in Hancock, 9th December, 1852. Publication was made and judgment rendered by Hancock Circuit Court, on 10th March, 1853, against Piggott and Whitefield, for $314.80, damages and costs, and a special execution awarded to the sheriff of McDonough to sell the land levied upon by attachment.

Special execution issued 20th April, 1853, to sheriff of McDonough, levied by him 9th May, 1853, and sale of the premises on 4th of June for $250, to Buchanan, who bid for Prentice; certificate of purchase to purchaser, who afterwards assigned same to Prentice.

Charges that at the time said attachment was issued and levied, Prentice had notice that Piggott had conveyed said premises, and that Kimball was the owner thereof, by an unrecorded deed, and that Piggott was a resident of the State, and that said affidavit was false, and made knowingly and fraudulently, and that the levy and sale are a cloud on his title, etc.; that one McLellan, at the time the attachment issued, was an attorney, and the agent of Prentice to collect said note, and Kimball being ignorant of the fact, employed McLellan to examine the title for him, about the 1st of December, 1852; that after an examination, McLellan informed Prentice and one Adam Swartz, who was also an agent of Prentice in collecting said note, that the title of record was in Piggott, but that he had conveyed to Culvertson, and he to Kimball, and that the deeds were not recorded; that the deeds were recorded after the levy but before judgment; that the proceedings are void for want of jurisdiction; prays an injunction to restrain Prentice from receiving deed or assigning certificate; that Prentice, Piggott and Buchanan be made defendants, and that said levy and sale be set aside as fraudulent, etc., and that the satisfaction of the judgment be set aside and a new execution awarded; waives oath of defendants.

Service on all the defendants, bill taken as confessed against Buchanan and Piggott, and leave to take Piggott's deposition.

Prentice answers, that it is not true that Kimball ever was seized in fee of said premises; admits the title in Piggott, and claims under him through said sale; denies that Piggott was a resident of this State when attachment was issued, and alleges that he had no property in Hancock subject to attachment; did not know that Piggott had deeded said premises at the time at-

tachment issued, but believed he owned the same ; denies that McLellan was his agent; denies that he ever employed said McLellan or Swartz to examine the title to said premises prior to levy. At the time said attachment issued, Whitefield and Kenney were insolvent and non-residents, and no judgment was obtained against them. The land was in Piggott of record, and defendant believed it was his.

Cause heard before WALKER, Judge, presiding, at the March term, 1857, on bill, answer and proofs, and decree rendered setting aside attachment, levy and sale, and for costs against defendant Prentice, and awarding execution on the judgment at law.

Defendant appeals, and assigns, among other errors, that said bill should have been dismissed on the hearing, for want of proper parties.

C. L. HIGBEE, for Appellant.

J. GRIMSHAW and G. EDMUNDS, for Appellee.

BREESE, J. It is a rule in courts of equity, that all persons are to be made parties to a suit therein who have any substantial, legal or beneficial interest in the subject matter of the litigation, and who are to be materially affected by the decree which may be rendered. *Spear* v. *Campbell et al.*, 4 Scam. R. 426.

This rule may be considered as inflexible, yielding only when the parties are very numerous, and so scattered that their names or residence cannot be ascertained without great and extraordinary difficulty. 1 Scam. R. 573.

Testing this case by this rule, it will be apparent that one person, having an important interest in this proceeding, and substantially affected by the decree, has not been made a party.

Although the object and scope of the bill be to remove a cloud supposed to rest upon the title of the appellee, the court should be careful to see that all persons to be affected by its removal, if their interests are at all considerable, should be parties, that they may be heard.

The origin of appellant's title, which is alleged to have formed this cloud, was in a note which, sometime in the spring of 1852, one Jabez J. Piggot, Bryant Whitfield and A. Kenney had executed to the appellant. On this note, in May, 1852, appellant commenced suit by summons against these makers, in the Hancock Circuit Court. Whitfield alone was served with process. At August term, 1852, Piggot entered his appearance and gave a cognovit. In December, 1852, appellant sued out

of the Hancock Circuit Court an attachment, directed to the sheriff of McDonough county, against Piggot, in aid of this suit, which was levied upon the land which is the subject matter of this bill.

Judgment was rendered in the Hancock Circuit Court at March term, 1853, against Piggot and Whitfield, for $314.80, damages and costs, and a special exemption awarded to McDonough to sell the land levied on by the attachment.

It seems the note on which the suit was brought was lost, and Whitfield was defending the suit, whereupon it was agreed, in writing, between appellant and Whitfield, if he would abandon his defense, he being security only, that appellant should sell this land they levied on for all that it was worth, and apply the same upon the judgment, and if not sufficient to satisfy it, Whitfield should not be required to pay on the balance remaining more than one hundred dollars, and on payment of that sum Whitfield was to be discharged from the judgment.

By the decree of the Circuit Court, from which this appeal is taken, this writ of attachment, levy and sale under it, are set aside and vacated, and "the satisfaction of the judgment upon which the sale was made, so far as made by said sale, be and the same is hereby vacated, and that a new execution issue therefor."

The land sold for two hundred and fifty dollars on the execution. By vacating the sale, and the satisfaction of the judgment to this extent, the judgment is put in full force against Whitfield, and his property subject to be taken and sold on execution, and this notwithstanding the agreement, for by the decree there has been no sale and no part satisfaction of the judgment. Whitfield, if not bound for the whole judgment, has certainly such an interest in the proceedings to vacate the satisfaction of the greater part of it, as to render it indispensable that he should be a party. He has a right to be heard. He is certainly in peril to the extent of one hundred dollars, part thereof.

This objection was not made in the Circuit Court, but is made here for the first time.

It is the usual and better practice, where the want of proper parties is apparent on the face of the bill, to take advantage of it by demurrer or motion to dismiss, or if not patent, by plea or answer. Where the parties omitted are mere formal parties, and not indispensable to a decision of the case upon its merits, it will be too late to make the objection at the hearing, but where the rights of the parties not before the court are intimately connected with the matter in dispute; so that a final decree cannot be made without materially affecting their interests, as in this case, the objection may be taken at the hearing, or on appeal, or on error. Courts will, *ex officio*, take notice of such omission, and rule accordingly.

As to the interests of Kenney, they are so remote, not having been served with process, and no proceeding of any kind against him, it is hardly necessary to make him a party.

We will touch no other point in the case until the proper parties are before the court.

The decree is reversed and the cause remanded, with leave to complainant, the appellee here, to amend his bill.

*Decree reversed.*