JAMES C. LYONS, Appellant, vs. CHARLES BECKER et al. Appellees.—CHARLES W. STOUFFER, Appellant, vs. CHARLES BECKER et al. Appellees.

*Opinion filed February 16, 1916—Rehearing denied April 7, 1916.*

1. ELECTIONS—*city council in city under commission form of government is the judge of contest for city commissioner.* Under paragraph (*e*) of section 18 of the act relating to the commission form of government, the city councils in cities under the commission form of government have jurisdiction to determine contests of election for mayor and city commissioner, even though the result may be that the mayor and commissioners declared elected may act as the judges of the contest of their own election. (*Bowen* v. *Russell, ante,* p. 313, followed.)

2. SAME—*the circuit court has no jurisdiction to hear contest of election for mayor or city commissioner.* The circuit court has no jurisdiction to hear and determine a contest of an election for mayor or city commissioner in a city under the commission form of government.

3. SAME—*fact that city commissioners are judges of a contest of their own election is not an invasion of constitutional rights.* The fact that under section 23 of the act relating to the commission form of government the mayor and city commissioners may be the judges of a contest of their own election furnishes no reason for holding such section unconstitutional, as depriving persons of property without due process of law, as no one has a vested right in an office. (*Bowen* v. *Russell, ante,* p. 313, followed.)

4. SAME—*contest of election before city council is a ministerial proceeding.* The contest of an election before a city council is a ministerial proceeding and not a judicial one, and the finding of the council is not a judgment in the ordinary sense of that term.

5. MUNICIPAL CORPORATIONS—*executive power and ministerial power are the same.* A ministerial power and an executive power, as applied to public officers, are one and the same in meaning.

APPEAL from the Circuit Court of Macon county; the Hon. FRANKLIN H. BOGGS, Judge, presiding.

HERRICK & HERRICK, McDAVID & MONROE, ARTHUR VANCLEVE, and MILLS BROS., for appellants.

WHITLEY & FITZGERALD, CHAS. C. LEFORGEE, T. W. SAMUELS, and STANLEY L. POGUE, for appellees.

Mr. JUSTICE DUNCAN delivered the opinion of the court:

Appellants, James C. Lyons and Charles W. Stouffer, filed separate petitions in the circuit court of Macon county to contest the election of Charles Becker, John F. Mattes, H. F. Robbins and Harry Ruthrauff to the office of commissioner for the city of Decatur. To each one of said petitions Charles F. Shilling and James F. Taylor, two other defeated candidates for said office of commissioner at the same election, were made parties defendant, and each of said appellants was a party defendant to the other appellant's petition. To both of said petitions appellees Becker, Robbins, Shilling and Taylor filed their plea to the jurisdiction of the court, alleging that the court was without jurisdiction to hear the contest as the statute had conferred the jurisdiction in such cases on the city council of said city. The trial court held, at the hearing on the pleas, that it had no jurisdiction to hear the contests and dismissed both petitions. The records are practically the same in both cases except as to parties, and the same briefs and arguments were filed in both causes and the two causes were consolidated for hearing in this court.

The petitions each averred that the city of Decatur was organized as a city under the general laws of the State pertaining to the organization of cities and villages; that prior to April 20, 1915, it had lawfully adopted the commission form of government as provided by the laws of this State; that on said date, in pursuance of said law, an election was held in said city for the election of four commissioners; that the petitioners were resident electors of said city and qualified candidates for the office of commissioner of said city, and that all of the appellees were also candidates and the only other candidates for the office of

commissioner aforesaid; that on a canvass of the election returns by the judges and clerks of said election the city council of said city declared that Harry Ruthrauff received for said office 8710 votes, John F. Mattes 7893, Charles Becker 7772, H. F. Robbins 7703, Charles W. Stouffer 7685, James C. Lyons 7572, Charles F. Shilling 7465, and James F. Taylor 7445 votes; that said city council further declared that appellees H. F. Robbins, Charles Becker, John F. Mattes and Harry Ruthrauff were elected as commissioners aforesaid, and that all of them received certificates of election to said office authorizing them to act as said commissioners for four years beginning May 1, 1915. The petitions further aver that Dan Dinneen was declared elected as mayor of said city at said election, and that his election is being contested by John D. Barnhart by a petition filed and pending in the said circuit court; that the matters and things charged as affecting the validity of the election of said Dinneen are substantially the same as are charged in the petitions of appellants, and he and said commissioners have such a common interest in the various decisions that would arise on the counting of the various ballots which the petitioners have averred should be counted for them, that if they were to hear and determine the contest of the petitioners they would, in fact, all be judges of their own election and incompetent to pass upon the questions of law and fact involved in these two cases. Various and divers charges are made in the petitions to the effect that illegal ballots were counted for appellees and that numerous legal ballots polled for the appellants in said election were not counted for them, and it is charged that by reason thereof appellees were illegally declared elected, when, as a matter of fact, appellants were elected as commissioners.

The real and only question in this case for our decision is whether or not the circuit court has jurisdiction to hear and determine the questions at issue in these two causes. It is conceded that under the old law (the general City and

Village act) the city councils of cities organized thereunder had the sole authority to hear and determine election contests as to their members, and that the village trustees of organized villages had the same authority to hear and determine contests as to members of the board of trustees. This court has frequently so decided. (*Linegar* v. *Rittenhouse*, 94 Ill. 208; *Foley* v. *Tyler*, 161 id. 167; *Baker* v. *Shinkle*, 249 id. 154.) It therefore decided in the same line of decisions that the county and circuit courts had no such jurisdiction.

Paragraph (*e*) of section 18 of the Commission Form of Government act (referred to in this opinion as the new law) provides: "All general and special municipal elections in said city or village shall be held, conducted and contested under the Election law in force in such city or village, except as herein otherwise provided." This court has held in *Bowen* v. *Russell,* (*ante,* p. 313,) that by said provision the legislature intended to confer jurisdiction upon the city council, under the new law, to be the judge of the election and qualification of its own members, as no other section in that act conferred the jurisdiction elsewhere. A number of other sections of the new law are quoted in that opinion as confirmatory of the conclusion reached in that case.

By way of supplementing what is said in that opinion, we will add that a contest of an election before a city council is not a judicial but a ministerial proceeding, and its finding is not a judgment in the ordinary sense of that term. (*Keating* v. *Stack,* 116 Ill. 191.) A ministerial power and an executive power, as applied to public officers, are one and the same in meaning. (*Donahue* v. *County of Will,* 100 Ill. 94.) As section 23 of the new law provides that "the council shall have and possess, and the council and its members shall exercise all executive and legislative powers and duties now had, possessed and exercised by the mayor, city council, president and board of trustees of villages," etc., the conclusion is irresistible that the legislature by the new act

has conferred upon the city councils of cities under the commission form of government the right to judge contests for commissioners unless the provision is invalid.

Circuit courts derive their jurisdiction to try election contests solely from sections 97 and 98 of our Election law, which provide as follows:

"Sec. 97. The circuit courts in the respective counties * * * may have [hear] and determine contests of the election of judges of the county court, mayors of cities, presidents of county boards, presidents of villages, in reference to the removal of county seats and in reference to any other subject which may be submitted to the vote of the people of the county, and concurrent jurisdiction with the county court in all cases mentioned in section ninety-eight (98).

"Sec. 98. The county court shall hear and determine contests of election of all other county, township and precinct officers, and all other officers for the contesting of whose election no provision is made."

In the case of *Bowen* v. *Russell, supra,* it was decided that the county court had no jurisdiction to try an election contest for the office of commissioner of a city under the commission form of government. It necessarily follows, therefore, that circuit courts have no jurisdiction.

Under the provisions of the new act only four commissioners are elected, and they and the mayor are elected at the same time, quadrennially. All divisions of cities into wards are discontinued during the continuance in force of the new act, and the commissioners are elected by the voters of the entire city instead of by wards, as is also the mayor. It is clear, therefore, that under the new act commissioners are vested by the statute with the power to .sit and hear and vote on a contest for commissioner, in which they are thereby made the judges of their own election. That is precisely the situation in the two cases now before us, and will, perhaps, be the case in every contest of the election of a com-

missioner that shall arise hereafter under the new law if upheld in its present provision as to the election contests pertaining to that office. This situation will arise because there is no provision for the old council to meet, after it has declared the election of the new council, before the installation of the new council, and the time is too short to bring such contest to a conclusion before the old council. This difficulty arises further from the fact that in a petition to contest the election of a commissioner all successful candidates, and all persons who were candidates in the same election, are necessary parties to the proceeding. *Conway v. Sexton,* 243 Ill. 59.

It is strenuously argued by appellants' counsel that the act of the legislature, in conferring jurisdiction on the commissioners to try their own election contests, is unconstitutional because it does not afford due process of law. A number of decisions have been referred to as supporting their contention, but they are all inapplicable to these cases because the cases referred to generally were cases in which the rights of property were involved, or were criminal cases in which personal liberties were involved. This court held in *Bowen* v. *Russell, supra,* that an officer has no vested right in an office, and expressly held that the statute in question is not unconstitutional,—that is, that the doctrine of due process of law has no application to these cases. We see no reason for departing from the conclusion reached in that decision.

The principal case relied upon by appellants' counsel for their conclusion is the case of *Commonwealth* v. *McCloskey,* 2 Rawle, 369. In that case the question was whether township commissioners could act as judges of their own election under certain provisions of the act of incorporation. The Pennsylvania court simply held that the commissioners whose election was being contested were not competent to act as judges of their own contest for the reason that the act of the legislature in question did not expressly so pro-

vide. The judge delivering the opinion in that case used this language: "If the legislature should pass a law in plain, unequivocal and explicit terms within the scope of their constitutional power, I know of no authority in this government to pronounce such an act void merely because in the opinion of the judicial tribunals it was contrary to the principles of natural justice, for this would be vesting in the court a latitudinarian authority which might be abused and would necessarily lead to collisions between the legislative and judicial departments, dangerous to the well being of society or at least not in harmony with our ideas of the structure of natural government."

There is no constitutional right violated by the act in question that has been called to our attention. We have no doubt that the provision of the legislature will prove very embarrassing to members of city councils themselves who have to sit and determine their own election contests. Such a situation is also likely to create very great dissatisfaction to contestants in such cases. The decision of such matters, however, belongs exclusively to the legislature, and when it is acting within the constitutional limits this court cannot be expected to question its wisdom or override its decision. In all such contests as those now before us the rights of the public as well as the rights of contestants are to be considered. The people of this State have confided the power of making such legislation in the legislature, and we have no right to assume that they are dissatisfied with the act now in question and absolutely no power to overturn the act of the legislature if we should make such assumption.

The judgment of the circuit court is affirmed.

*Judgment affirmed.*