(No. 16284.—Decree reversed.)
P. R. WEEDEN, Appellee, *vs.* O. E. GHER *et al.* Appellants.

*Opinion filed April 24, 1925.*

1. ELECTIONS—*election contest is subject to rules of chancery.* An election contest is to all intents and purposes a chancery proceeding and subject to all the rules governing such proceeding.

2. SAME—*when omission of party to an election contest is fatal.* In a contest of an election to an office for which there were three candidates, with two to be elected, a decree cannot be entered finding that two of the candidates were elected where one of them is not a party to the proceeding and was not declared elected upon the original count.

3. PARTIES—*when want of proper parties may be set up in chancery.* The objection to a proceeding in chancery that there is a want of proper parties cannot be made on the hearing where the parties omitted are not indispensable to a decision of the case upon its merits, but where the rights of the parties not before the court are intimately connected with the matter in dispute, so that a final decree cannot be made without materially affecting their interests, the objection may be taken at the hearing or on appeal or writ of error.

APPEAL from the County Court of Lawrence county; the Hon. LESTER B. FISH, Judge, presiding.

G. W. LACKEY, for appellants.

SHAW & HUFFMAN, and O. P. ESTES, for appellee.

Mr. JUSTICE STONE delivered the opinion of the court:

Appellee, P. R. Weeden, filed a petition in the county court of Lawrence county to contest an election held in school district No. 54-7 of that county for the election of members of board of education. It appears from the petition that appellee, C. A. Collison and C. L. Smith were the three candidates whose names were printed on the ticket. There were two members of the board to be elected. There were also two candidates for president of the board, but as the contest does not involve that office it requires no

further consideration here. Appellee in his petition alleges that a large number of "stickers," or slips of paper having printed thereon the name of O. E. Gher, were pasted on the ballots, with a printed square and cross-mark thereon; that some of these stickers were pasted over the name of Smith and some over the name of appellee; that there were cast at this election 467 ballots, of which 225 were for Weeden, 206 for Smith and 235 ballots had stickers containing the name of Gher, and that by counting the ballots with pasters Collison received 262 votes. The certificate of election was therefore issued to appellants, Gher and Collison. Appellee in his petition alleged that he and Smith, and not Gher and Collison, were the ones elected. Smith does not appear to have been made a party, either as defendant or co-petitioner. The court, on hearing, admitted the tally-sheets and poll-books in evidence, and after hearing evidence as to the manner in which the ballots had been kept, opened and counted them and threw out those bearing pasters where the same were pasted over the name of another candidate and declared Smith and appellee elected.

While the question arises in this case whether stickers or pasters with the names of candidates printed thereon may be used on ballots, we are met at the threshold of the case with the contention of appellants that the decree in this case is erroneous for the reason that proper parties have not been joined; that Smith, whom the court declared to have been elected and who was a candidate, was not made a party, either as co-petitioner or defendant. While appellants present this point in argument and it is raised on their assignments of error, no citations of authority are afforded us.

Section 106 of the Election law of 1872 (Smith's Stat. 1923, p. 881,) requires that the contestant in an election contest shall, within thirty days after the result of the election shall have been determined, serve on the person whose election he will contest a notice of his intention to contest

such election. Section 113 requires that the contestant shall, within thirty days after the person whose election is contested is declared elected, file with the clerk of the proper court his statement in writing setting forth the points on which he will contest the election, verifying the same by affidavit in the same manner as bills in chancery may be verified. Section 114 provides that upon the filing of such statement summons shall issue against the person whose office is contested, and he may be served with process or notified to appear in the same manner as is provided in cases in chancery. By section 119 it is provided that the judgment of the court in case of a contested election where the contest is in relation to the election of some person to an office, shall declare elected the person who shall appear to be duly elected.

A proceeding to contest an election is to all intents and purposes a chancery proceeding and subject to all the rules governing such proceeding. *Quartier* v. *Dowiat,* 219 Ill. 326; *Weinberg* v. *Noonan,* 193 id. 165; *McKinnon* v. *People,* 110 id. 305; *Dale* v. *Irwin,* 78 id. 170; Smith's Stat. 1923, sec. 116, p. 882.

It appears from the decree entered here on the re-count of the ballots, that Smith is a party whose rights are affected by the decree. There were three candidates whose names were printed on the ticket. Two members of the board were to be elected. Therefore each candidate was opposed not to any certain candidate but to every other candidate who was running for the office of member of the board. No candidate was running for any particular one of the places to be filled, but under the law the two who received the highest number of votes were to be declared elected. Smith was declared to be elected and the responsibility of the office placed upon him by the decree of the court though he was in no manner made a party. It is usually better practice in chancery proceedings where want of proper parties is apparent on the face of the bill, to take

advantage of it by demurrer or motion to dismiss, or where it does not appear on the face of the bill, then by plea or answer, and where parties are omitted who are not indispensable to a decision of the case upon its merits, such objection cannot be made on the hearing. But the rule also is as stated in the case of *Prentice* v. *Kimball,* 19 Ill. 320: "Where the rights of the parties not before the court are intimately connected with the matter in dispute, so that a final decree cannot be made without materially affecting their interests, * * * the objection may be taken at the hearing or on appeal or on error." It was likewise so held in *Abernathie* v. *Rich,* 229 Ill. 412; *Chandler* v. *Ward,* 188 id. 322; *Dubs* v. *Egli,* 167 id. 514; *Farmers Nat. Bank* v. *Sperling,* 113 id. 273; *Spear* v. *Campbell,* 4 Scam. 424.

The bill in this case averred that Weeden and Smith were legally elected. The court so found. It was powerless, however, to enter a decree affecting the rights of Smith as he was not a party to the proceeding, and his rights are so intimately connected with the dispute that a decree can not be entered without materially affecting his interests. The court had no right to decree, in a proceeding to which he was not a party, that he shall fill the office. A decree of this character could not stand as to Weeden if set aside as to Smith. Should the court attempt to decree Weeden and the next highest candidate aside from Smith to have been elected, such a decree would necessitate a finding contrary to the fact. The objection made to the decree is not thus subject to division. We are of the opinion, therefore, that the decree is erroneous for want of necessary parties.

As the time in which a contest may be filed in this case has passed, it would be of no avail to remand the cause.

The decree is therefore reversed. *Decree reversed.*