No. 12,767.

Gunson *v.* Baldauf.
(297 Pac. 516)

Decided March 9, 1931. Rehearing denied March 30, 1931.

Mr. CHARLES R. ENOS, Mr. HAROLD H. HEALY, Mr. THEODORE A. CHISHOLM, for plaintiff in error.

Mr. WILLIAM DILLON, Mr. J. M. TAYLOR, Mr. FRED S. CALDWELL, for defendant in error.

*En Banc.*

MR. JUSTICE MOORE delivered the opinion of the court.

THE parties hereto were rival candidates for the office of county commissioner of the first commissioner's district of Douglas county at the election held November 4, 1930. The county board of canvassers reported that the plaintiff in error received 866 votes and the defendant in error received 868 votes for the office, and a certificate of election was issued to the latter. The plaintiff in error, seeking to contest said election under the special summary procedure authorized by sections 7794 to 7804, C. L., 1921, filed a statement of contest and complaint in the office of the clerk of the county court of Douglas county.

The contestee thereupon filed an answer and counter-statement of contest. The answer contained what purports to be a general demurrer as follows: "The said contestee shows and submits that the so-called statement of contest does not allege facts sufficient in law to entitle the contestor to the relief therein prayed for, and as grounds for this conclusion he alleges as follows:" The "alleged grounds" are recited in 11 paragraphs and are in effect special demurrers to each paragraph of the

statement of contest, based upon uncertainty and ambiguity.

The contestor having replied to the counterstatement of contest, the cause was regularly set for trial on December 29, 1930, and on the succeeding day the court sustained "said demurrer of said contestee to the statement of the contestor herein" to which ruling the contestor excepted, and elected to stand upon his statement of contest, and now brings the case here for review.

Two points are presented: 1. Is the statement of contest sufficient? 2. If good, must the charges therein contained be proven?

■ 1. Election contests, for whatever office, necessarily are and must be summary. The method of procedure to be followed depends upon the office sought to be contested. Supreme court rules 85 to 90 cover the procedure for contesting the office of presidential elector, supreme, district and county judge. In such a case the sufficiency of a complaint may be questioned by demurrer or motion. Rule 88. Section 7574, C. L., 1921, provides for the summary determination of primary election contests, after "setting forth the grounds of complaint," but is silent as to whether a complaint filed thereunder may be demurred to generally or specially. In construing this section, we held in the recent case of *People ex rel. v. Mitchell,* 88 Colo. 102, 292 Pac. 228, involving the office of county commissioner, that a demurrer to such a petition upon the grounds of insufficient facts and ambiguity was properly sustained where no sufficient facts were stated. It was unnecessary for us to, and we did not, determine whether a special demurrer based upon the sole ground of ambiguity was proper in a primary election contest.

This suit is brought under sections 7794 to 7804, C. L., 1921, creating an exclusive and summary procedure for the contest of the election of "any person, declared duly elected to any county office, except the office of county judge."

Section 7794 provides that such a contest may be filed by any elector of such county:

"First—When the contestee is not eligible to the office to which he has been declared elected.

"Second—When illegal votes have been received, or legal votes rejected, at the polls, sufficient to change the result.

"Third—For any error, or mistake, in any of the boards of judges, or canvassers, in counting or declaring the result of the election, if the error, or mistake, would affect the result.

"Fourth—For malconduct, fraud, or corruption on the part of the board of registry, or judges of election, in any precinct, or ward, or any of the boards of canvassers, or on the part of any member of such boards.

"Fifth—For any other cause (though not above enumerated), which shows that another was the legally elected person."

The contest proceeding is before the county judge in the county in which the contest arises, and is initiated by the filing of a bond and a statement of contest, the contents of which must conform to section 7797, and include "the particular cause or causes of the contest."

Section 7798, among other things, provides: "The contestee shall, within ten days after the service of such summons, make and file his answer to the same with the clerk of said court, in which he shall either admit or specifically deny each allegation contained in such statement intended to be controverted by contestee on the trial of such contest, and shall set up in such answer any counter-statement, embraced in any of the causes hereinbefore enumerated, as causes of contest in relation to county officers, which he relies upon as entitling him to the office to which he has been declared elected. When the reception of illegal or the rejection of legal votes is alleged as the cause of the contest, a list of the number of persons who so voted, or offered to vote, shall be set forth in the statement of contestor, and shall be likewise set forth in

the answer of contestee, if any such cause is alleged in his answer by way of counter statement.''

Section 7803 reads: ''The court shall pronounce judgment whether the contestee or any other person was duly elected, and the person so declared elected will be entitled to the office, upon qualification. If the judgment be against the contestee, and he has received his certificate, the judgment annuls it. If the court finds that no person was duly elected, the judgment shall be that the election be set aside.''

 The statement of contest contains, in brief, the following grounds: That the judges and clerks of election in precinct 1, town of Parker, erroneously added ''certain imperfect and defective ballots'' to the number of votes properly counted for contestee; that if said defective ballots had not been so counted, contestor would have been elected; that said judges and clerks were guilty of malconduct in so counting said defective ballots and in allowing persons not qualified as voters to vote in said precinct, and permitting unauthorized persons to enter the voting booths and assist voters in marking their ballots when no assistance was asked for, and no oath of the voter was had or obtained to the effect that he needed or desired assistance, and no memorandum was made thereof on the poll book, and the failure to act in numerous specific respects as required by law; that illegal votes were received in said precinct and counted for contestee and the names of 13 persons who cast such votes enumerated; that supporters of the contestee in the town of Parker used misrepresentations, intimidations and coercion in securing votes in favor of the contestee as a result of which contestor lost sufficient votes to change the result of the election; that errors and mistakes were made in tabulating the votes from the town of Parker by the county board of canvassers, said tabulation showing that 9 mail votes were cast when as a matter of fact only 7 were cast; malconduct on the part of the board of registry, in election precinct No. 12, known as West Creek

election precinct, in that said board attempted to register on Tuesday, October 28, 1930, 5 persons (names listed); that said day was not a lawful date for registration, and further that said persons were, although not properly registered, permitted to vote; that in said West Creek precinct illegal votes were cast for the contestee by 7 persons whose names were listed; that illegal votes (lists given) were received and counted in favor of the contestee in various other specified precincts; that the judges and clerks of election in 10 election precincts (specified) counted ''imperfect and defective ballots'' and added them to the number of votes properly counted for the contestee; that the county board of canvassers erroneously counted the number of votes in making up the abstract of votes in that they erroneously counted and added to the number of votes properly counted for and on behalf of the contestee, votes which should have been rejected, and counted a number of votes for the contestee which should have been counted for the contestor and failed to count votes for the contestor which should have been counted for the contestor, and that said county canvassing board made errors and mistakes in tabulating the votes contained in said abstract of votes and that the contestor was thereby deprived of a number of votes to which he was legally entitled and the contestee was given a number of votes to which he was not entitled, sufficient to change the result of the election.

This statement of contest taken as a whole enumerated facts, which if proven, would change the result of the election. Such a statement is undoubtedly good as against a general demurrer. *Collins v. Heath,* 76 Colo. 600, 233 Pac. 838.

No general demurrer was filed as to any specific paragraph or paragraphs of the complaint. The reasons given in support of the general demurrer are in the nature of special demurrers for ambiguity as to each paragraph of the statement. Assuming that these reasons may be considered as special demurrers for ambiguity as

to the separate paragraphs of the statement of contest, such special demurrers are not authorized by the statute and cannot be interposed. *Schwarz v. County Court,* 14 Colo. 44, 23 Pac. 84; *Kindel v. Le Bert,* 23 Colo. 385, 48 Pac. 641; *Sugar City v. Commissioners,* 57 Colo. 432, 140 Pac. 809.

The demurrer filed cannot be construed as a general demurrer as to each specific paragraph, and it was not so construed by the lower court who considered and ruled upon it as a general demurrer to the statement of contest as an entirety. Because special demurrers may not be interposed in contests of this character, and because the statement of contest states sufficient facts, the court erred in sustaining the general demurrer.

2. Contestor argues that *Lewis v. Boynton,* 25 Colo. 486, 55 Pac. 732, is authority for holding that a contestee having elected to stand upon a general demurrer, can neither require proof of nor disprove the charges of the contestor. In that case the facts are dissimilar to those here involved. There a general demurrer was filed to a statement of contest alleging facts which, admitting their truth, did not give rise to a right of contest authorized by the statute. Under such circumstances, the court held that "if he elects to interpose a demurrer it must be regarded as the equivalent of an answer admitting the truth of the matters averred," and dismissed the action. In the instant case, the general demurrer was not based upon a statement of contest reciting facts which were foreign to the grounds provided by the statute, but was for failure to allege as facts a cause of contest authorized by the statute.

In view of the specific denial of the charges made in the statement of contest, the counterstatement of contest filed by contestee, and the requirement of section 7803, supra, it would be unreasonable to hold that the filing of a demurrer under such circumstances would deprive the contestee of the right to demand proof of the charges made by contestor and to introduce testimony in support

of his counterstatement of contest. Such a ruling would deny the contestee his day in court.

The judgment is accordingly reversed and the cause remanded for trial in accordance with the views herein expressed.