J. L. SANDERS *et al.*, Appellants, *vs.* THE TOWNSHIP OF SALEM *et al.*, Appellees.

*Opinion filed January 20, 1944.*

DOWELL & DOWELL, of Salem, for appellants.

WILLIAM A. MILLER, ALFRED S. PFAFF, and JOHN L. KAGY, of Salem, for certain appellees.

Mr. JUSTICE STONE delivered the opinion of the court:

This is an appeal to review a decree of the circuit court of Marion county dismissing appellants' petition to contest an election held under the Liquor Control Act, pertaining to the sale of liquors in the township of Salem in that county, lying without the corporate limits of the city of Salem.

On April 6, 1943, in conjunction with the regular township election held in Salem township, there was submitted to the voters a separate ballot on the proposition to prohibit the sale at retail of alcoholic liquors in the part of the township of Salem lying without the corporate limits of Salem. The election returns showed 339 votes for and 310 against the proposition. Appellants, five in number, presenting themselves as electors residing in the district affected, filed this petition under section 117 of the Elections Act. (Ill. Rev. Stat. 1941, chap. 46, par. 120.) Certain appellees, as electors, were permitted to intervene and defend the contest.

The petition alleged that ballots were cast by illegal voters; that errors in the count of votes were made; uninitialed ballots were counted; and it also charged that all the ballots used in the several precincts at the election were illegal in form and should not have been counted.

After taking testimony pertaining to the qualification of appellants to appear as petitioners in such a case, no further evidence was offered, and all objections and claims of contestants were waived with the exception of the legality of the ballots by reason of insufficient statement on the back thereof, which appellants contended, there and here, did not comply with the Ballot Act and rendered the ballots

illegal. No evidence was offered on any point touching the result of the election. The only questions remaining before the court at the conclusion of the hearing were whether some of the contestants were qualified as such, whether the ballots were legal ballots, and the question, raised by appellees' motion to dismiss the petition, whether the court had jurisdiction to pass upon the legality of the ballots. The chancellor found the petitioners were qualified electors; that he had jurisdiction to pass upon the validity of such ballots and that the ballots cast were legal, and dismissed the petition.

Appellants say that the form of the ballot on the back thereof did not comply with the requirements of section 16 of the Ballot Act, (Ill. Rev. Stat. 1941, chap. 46, par. 305, p. 1483,) which specifies what shall appear on the back of the ballot, as follows: "Ballot for (name of public measure to be voted on.)" The ballots used at this election carried on the back thereof merely the word "Proposition" to designate the measure to be voted on and appellants argue that the provision of the statute as to what shall appear on the back of the ballot is mandatory and that these ballots were therefore not legal ballots. They argue from this that the election was void. Appellees reply that the provisions of that statute are merely directory.

It appears from the pleadings in this case that the validity of this election was contested in the county court of Marion county in a proceeding filed by these petitioners, and the issue as to the legality of the election was decided against appellants.

This court has held that under section 117 of the Elections Act only the result of an election as determined by the returns or count of the ballots, and not the validity of the election, may be contested. (*Mayes* v. *City of Albion*, 374 Ill. 605; *McCurdy* v. *Board of Education*, 359 Ill. 188; *Cipowski* v. *City of Calumet City*, 322 Ill. 575.) The validity of such an election may be tried only in the county

court and as provided in section 17 of article 9 of the Liquor Control Act. (Ill. Rev. Stat. 1941, chap. 43, par. 182; *Mayes* v. *City of Albion,* 374 Ill. 605.) In *Saylor* v. *Duel,* 236 Ill. 429, this court held that a similar section of the former Local Option Act did not afford the right of appeal from a decision of the county court contesting the validity of such an election.

By abandoning all other grounds except the validity of the ballot, the petition to contest was in effect one to contest the validity of the election, which, as was held in the case of *Mayes* v. *City of Albion,* may be tried only in the county court as provided in section 17 of article 9 of the Liquor Control Act, and which, furthermore, was tried in the county court, from whose decision there is no appeal. It follows that petitioners' attempt to thus secure a further hearing on the validity of the election was in effect an attempt to obviate the statute regarding an appeal. While, as the chancellor found, the circuit court had jurisdiction to determine whether the petitioners were proper parties to the election contest, and that question was submitted on evidence, it had no jurisdiction to grant any relief which was in effect a review of the county court's decision on the validity of the election. It has long been a maxim of law that one may not legally do indirectly that which he may not do directly. A question concerning the validity of a ballot is one which goes directly to the validity of the election, and the failure to observe mandatory provisions of the statute renders the election void. (*People ex rel. Hudson* v. *Cleveland, Cincinnati, Chicago and St. Louis Railway Co.* 360 Ill. 180; *People ex rel. Woods* v. *Myers,* 256 Ill. 529; *People ex rel. Brady* v. *LaSalle Street Bank,* 269 Ill. 518.) However, in view of the importance of the question, it may be observed that this court has held that where a statute declares the form of a ballot, section 16 of the Ballot Act does not apply. (*People ex rel. Burkholder* v. *Peoria and Eastern Railway*

*Co.* 375 Ill. 197; *People ex rel. Sandberg* v. *Grabs,* 373 Ill. 423; *People* v. *Cleveland, Cincinnati, Chicago and St. Louis Railway Co.* 360 Ill. 180.) Section 6 of article 9 of the Liquor Control Act, in force at the time this election was held, (Ill. Rev. Stat. 1941, chap. 43, par. 171, p. 1387,) provides the form in which the proposition to prohibit sales at retail of alcoholic liquors shall be printed. No question is raised here as to compliance with that form. There is nothing in the Liquor Control Act similar to the provisions of section 16 of the Ballot Act requiring that the proposition be stated on the back of the ballot. It follows that the ballot used was a legal ballot and the chancellor was right in so holding.

Whether viewed from the standpoint that the ballots were legal, as held by the court, or from the standpoint that the court had no jurisdiction to determine the validity of the ballots and thereby the validity of the election, its decree dismissing the petition was correct and is affirmed.

*Decree affirmed.*