**People of State of Illinois ex rel. City of Green Rock, a Municipal Corporation, and Peter Van Opdorp, Petitioners-Appellants, v. J. E. Richards, as Acting Judge of County Court of Henry County, Respondent, and Oscar L. Williamson et al., Intervenors-Appellees.**

Gen. No. 10,822.

Second District.

April 6, 1955.

Released for publication April 26, 1955.

William F. Kirman, State's Attorney, of Cambridge, for appellants; Sherwood L. Costigan, and Joseph Ryan, both of East Moline, and Earl L. Scott, of Rock Island, of counsel.

James H. Andrews, Harper Andrews, and Campbell Andrews, all of Kewanee, for appellees.

MR. PRESIDING JUSTICE WOLFE delivered the opinion of the court.

A petition for certiorari was filed by the state's attorney of Henry county, on relation of the City of Green Rock, and Peter Van Opdorp, a citizen and resident of said city, charging that on April 21, 1953, an election was held within and for the City of Green Rock, on the question "Shall the sale at retail of alcoholic liquor continue to be prohibited in the City of Green Rock, Henry County, Illinois?" That at said election 264 votes were cast in favor of said proposition and 310 votes were cast against said proposition. That afterward and within the time allowed by law, a proceeding to contest the validity and result of said election was begun by five voters and electors of said city in the county court of Henry county, Illinois. That in the sixth paragraph of their petition the contestants charged:

"6. That the area in the corporate limits of the City of Green Rock was dry territory by virtue of a prior election under said statute held for the territory of Colona Township without the corporate limits of the Village of Colona, and that the territory described in the petition filed with the City Clerk of the City of Green Rock, February 7, 1953, did not describe any political subdivision which had theretofore prohibited the sale at retail of alcoholic liquor as described in said Liquor Control Act."

438

That prior to the incorporation of the City of Green Rock on June 3, 1950, the territory organized as said city, with other parts of Colona township lying outside the corporate limits of the Village of Colona, had voted to prohibit the sale of intoxicating liquor. That Peter Van Opdorp by leave of the county court intervened in said election contest proceeding and moved to strike the sixth paragraph of said election contest petition, which motion was subsequently joined in by the City of Green Rock and Edward A. Owen, city clerk of said city, the respondents to said petition. That on the hearing of said motion in said county court, the court held that the law did not authorize, under the circumstances shown in the record, the holding of an election within and for said City of Green Rock only, for the purpose of deciding whether or not intoxicating liquor should continue to be prohibited within said city but that an election for the termination of prohibition must be held within and for the whole territory which originally voted to establish prohibition, namely, in this case, all that part of the Town of Colona lying without the corporate limits of the Village of Colona. That respondents elected to stand by their said motion and on December 22, 1953, J. E. Richards, acting judge of said county court, denied said motion to strike and entered judgment that said proposed election held within and for said City of Green Rock on said 21st day of April 1953, was and is null and void and shall be for naught held; that said judgment of the county court is contrary to and unauthorized by law and will prevent the City of Green Rock from issuing licenses and receiving the revenues therefrom it would otherwise receive; that the law provides for no appeal or review of said order of said county court and the petitioner has no remedy to have the same set aside, cancelled or reversed except through certiorari and prays that a writ of certiorari issue in due form.

439

Oscar L. Williamson, Allan J. Gray, William R. Larrison, Maurice Hoste and Harold Summers, the petitioners in the original election contest, asked and obtained leave to intervene in the circuit court and moved to dismiss the petition for certiorari and quash the writ because the writ was improvidently issued and because it does not appear from the petition that the county court acted illegally or unlawfully. Judge Richards, the respondent in the certiorari proceeding filed as his return to the writ a transcript of the proceedings in the county court.

After hearing arguments the court sustained the motion of the intervenors to dismiss the petition and quash the writ of certiorari, and entered judgment accordingly, and it is from this order that an appeal has been perfected to this court.

Both the appellants and the appellees have argued the merits of the controversy, but because of the conclusions that we have reached in regard to this case, it is not necessary for this court to pass on the merits of the case. It will be observed that the validity of the election was passed upon by the county court, and he held the election invalid and null and void, and the appellants are attempting to litigate this same question in the circuit court, and the court dismissed the proceedings because he did not have jurisdiction to try the case. We think that the Supreme Court has passed squarely upon this question, and as stated in Sanders v. Township of Salem, 385 Ill. 362, we there find the following:

"It appears from the pleadings in this case that the validity of this election was contested in the county court of Marion county in a proceeding filed by these petitioners, and the issue as to the legality of the election was decided against appellants.

"This court has held that under section 117 of the Elections Act only the result of an election as determined by the returns or count of the ballots, and not

the validity of the election, may be contested. (Mayes v. City of Albion, 374 Ill. 605; McCurdy v. Board of Education, 359 Ill. 188; Cipowski v. City of Calumet City, 322 Ill. 575.) The validity of such an election may be tried only in the county court and as provided in section 17 of article 9 of the Liquor Control Act. (Ill. Rev. Stat. 1941, chap. 43, par. 182 [Jones Ill. Stats. Ann. 68.090]; Mayes v. City of Albion, 374 Ill. 605.) In Saylor v. Duel, 236 Ill. 429, this court held that a similar section of the former Local Option Act did not afford the right of appeal from a decision of the county court contesting the validity of such an election.

"By abandoning all other grounds except the validity of the ballot, the petition to contest was in effect one to contest the validity of the election, which, as was held in the case of Mayes v. City of Albion, may be tried only in the county court as provided in section 17 of article 9 of the Liquor Control Act, and which, furthermore, was tried in the county court, from whose decision there is no appeal. It follows that petitioners' attempt to thus secure a further hearing on the validity of the election was in effect an attempt to obviate the statute regarding an appeal. While, as the chancellor found, the circuit court had jurisdiction to determine whether the petitioners were proper parties to the election contest, and that question was submitted on evidence, it had no jurisdiction to grant any relief which was in effect a review of the county court's decision on the validity of the election."

It is our conclusion that the law as stated in this case is very applicable to the facts and circumstances in the instant case, and we find that the trial court properly dismissed the suit, and the judgment appealed from is hereby affirmed.

Affirmed.