(No. 33610.—

CENTRAL STANDARD LIFE INSURANCE COMPANY, Appellant, *vs.* C. HAYDEN DAVIS *et al.,* Appellees.

*Opinion filed November 23, 1955*

VERNON R. LOUCKS, of Chicago, and H. E. FULLEN-WIDER, of Springfield, (CHARLES O. LOUCKS, and JAMES L. HENRY, of counsel,) for appellant.

BARBER & BARBER, of Springfield, and E. K. BEKMAN, of Ottumwa, Iowa, (CLAYTON J. BARBER and ALTON G. HALL, of counsel,) for appellee C. Hayden Davis *et al.;* GIFFIN, WINNING, LINDNER & NEWKIRK, of Springfield, MONTGOMERY S. WINNING, of counsel,) for appellee Abraham Lincoln Hotel Company.

Mr. JUSTICE SCHAEFER delivered the opinion of the court:

Central Standard Life Insurance Company filed its complaint in the circuit court of Sangamon County as a class action on behalf of itself and approximately three hundred other holders of the preferred capital stock of the Abraham Lincoln Hotel Company, Springfield, Illinois, asking that the court direct and decree that the business of the Hotel Company be liquidated, its assets, consisting largely of real estate, be sold, and the proceeds after payment of debts be distributed to the preferred and common shareholders as their interests appear. From a decree dismissing the complaint for want of equity plaintiff appeals directly to this court on the grounds that a freehold and a franchise are involved. For the reasons stated we have concluded that jurisdiction on direct appeal does not exist.

The Business Corporation Act provides for the liquidation of a corporation in a suit by a shareholder if it is shown that the acts of the directors or those in control are "illegal, oppressive or fraudulent." (Ill. Rev. Stat. 1955, chap. 32, par. 157.86.) The oppressive conduct complained of here is the refusal of the controlling common shareholder, the defendant Davis, to permit liquidation of the assets of the corporation. The complaint alleges that the par value of the preferred stock, plus twenty-three years'

accumulation of unpaid cumulative dividends, so far exceeds the actual or potential value of the assets of the corporation that the interest of the controlling common shareholder is financially worthless, and that his only purpose in refusing to liquidate the corporation is to force the preferred shareholders to sell out to him at distress prices, and to benefit another corporation, also controlled by him, the Abraham Lincoln Hotel Operating Company, which leases and operates the hotel and owns the furnishings and equipment.

The various defendants denied the principal allegations of the complaint and set forth a separate defense of estoppel and *laches*. The separate defense alleges that the plaintiff's president, E. H. Henning (then president of Illinois Bankers Life Assurance Company), was a director of the hotel company from 1935 until his resignation in 1952, just prior to the commencement of this suit, that at the time of the execution of the present lease between the hotel company and the operating company Henning as a director moved the adoption of the resolution authorizing the execution of the lease, and that at the shareholders' meeting that year Henning voted the stock now owned by the plaintiff in favor of the resolution, unanimously adopted, ratifying the action of the board. Defendants claim that plaintiff is thereby estopped from maintaining this action. Plaintiff admits the facts charged in the special defense, but claims that they are immaterial.

At the trial much evidence was offered concerning the income, earnings and value of the assets of the two companies. The master rejected all this evidence as immaterial and found for the defendants on the ground that the relation between the income of the hotel company and the operating company was governed by the lease which had been assented to by the then owner of plaintiff's stock, and that the terms of the lease had been fully complied with by the operating company. He further found that in the

absence of evidence that plaintiff or its predecessor in ownership had ever dissented in a shareholders' or directors' meeting to action then taken, the conduct of the defendants could not have been oppressive. His recommendation that the cause be dismissed for want of equity was adopted by the chancellor.

The plaintiff assigns as error the failure of the trial court to grant the relief prayed for in the complaint, and asks us to reverse the decree and remand the cause with directions to enter a decree providing for the sale of the assets of the hotel company, and distribution of the proceeds. The disposition of the case by the trial court, however, left undetermined numerous questions material to a recovery by the plaintiff in this case, and this court does not have original jurisdiction to decide those questions. (*Evangeloff* v. *Evangeloff*, 403 Ill. 118, 127; *Osgood* v. *Skinner*, 186 Ill. 491.) The only course open to us, if we reversed the decree below, would be to remand the case with directions to make findings on the undetermined questions. The only issue presented on this appeal is whether the plaintiff is barred from maintaining this suit by the acts of its predecessor in assenting to the execution of the lease, and by the conduct of its predecessor and itself in failing to express dissent.

Although the defendants have not questioned our jurisdiction, this court, on its own motion, will inquire into the question of its jurisdiction and decline to proceed where an examination of the record shows that jurisdiction is lacking to determine the questions involved. (*Frerichs* v. *Foreman*, 407 Ill. 507; *Stoddard* v. *Illinois Improvement and Ballast Co.* 271 Ill. 98.) Our jurisdiction in this case is invoked on the ground that both a freehold and a franchise are involved.

This court has previously stated that "a freehold is not involved so as to confer jurisdiction upon direct appeal

unless the necessary result of the judgment or decree is that one party gains and the other loses a freehold estate, or the title to a freehold estate is so put in issue by the pleadings that a decision of the case necessarily involves a determination of this issue, even though the judgment or decree does not result in one party gaining, and the other losing, a freehold estate." (*Church of God of Decatur* v. *Finney*, 409 Ill. 328, 330.) There is here no dispute between the parties as to the title of any real estate, and even if the original proceedings might be thought to have involved a freehold, our jurisdiction is determined solely by the matters presented for review. (*Classen* v. *Ripley*, 407 Ill. 350.) Since the question before us does not involve the title to real estate, and since it would be necessary to remand the cause for further findings before a freehold could possibly be involved upon appeal, it is apparent that jurisdiction does not exist upon this ground. As we said in *Frerichs* v. *Foreman*, 407 Ill. 507, 511-512, "It is settled that if the granting by this court of the relief sought in an appeal would be to leave the cause for trial with the issues undetermined, a freehold, even though in issue below, is not involved in the appeal."

What has been said with regard to freeholds applies equally to franchises. As we pointed out in *Marnik* v. *Northwestern Packing Co.* 400 Ill. 66, 77, "Indeed, if plaintiffs prevail upon appeal, a dissolution of the corporation could not be ordered, in the absence of a ruling upon this issue by the trial court, and a remandment of the cause would become necessary for determination of the propriety of an order of dissolution. On the other hand, if the decree be affirmed, it is manifest that a franchise is not involved." In *People* v. *Union Trust Bank*, 406 Ill. 208, a complaint for dissolution of a corporation on the ground of nonuser was dismissed for want of prosecution. An appeal was taken from a subsequent judgment vacating the dismissal. This court held that a franchise was not involved, since

the sole effect of the judgment below was to leave the cause for trial with the issues undetermined.

We are of the opinion that neither a freehold nor a franchise is involved, and the cause is transferred to the Appellate Court for the Third District.

*Cause transferred.*