LEROY WAUPOOSE et al., Plaintiffs-Appellants, v. STANLEY T. KUSPER, JR. et al., Defendants-Appellees.

(No. 55353; ▮▮▮▮▮▮▮

First District—November 14, 1972.

Seymour J. Mansfield and Donald T. Bertucci, both of Chicago, for appellants.

Howard M. Miller, of Chicago, for appellees.

Mr. JUSTICE LEIGHTON delivered the opinion of the court:

This was a Model Cities election contest. Appellants Leroy Waupoose and ten others were unsuccessful candidates for councilmen in the North Model Cities Area Council election held on April 14, 1970. Appellees Stanley T. Kusper, Jr. and 21 others were, respectively, the Chairman and

two members who constitute the Chicago Board of Election Commissioners and nineteen successful councilmen candidates in the same election. As required by the 1970 Chicago Model Cities Election Code, appellants filed their contest petition.

Proceeding pursuant to the Code, the Board set the petition for hearing, adopted *ad hoc* rules of procedure and allowed the successful candidates to file a motion to dismiss the contest. One of the grounds for the motion was that of 20 successful candidates, appellants named 19 as respondents but omitted one whose rights were necessarily involved in the proceedings. The Board sustained the motion and dismissed appellant's petition. Thereafter, they petitioned the circuit court for judicial review. After appellees had filed their answers, the trial court dismissed the petition. The case is now before us on appeal.

The first issue we review is whether by its terms or as applied to this case *section 32 of the 1970 Chicago Model Cities Code is unconstitutional.* This section provides that "[t]he Chicago Board of Election Commissioners shall hear and decide said contest within ten (10) days after the last day for filing petitions of contest and shall grant such relief as it deems appropriate." Appellants contend that section 32 so restricts the period within which a contest can be heard that its limitations are repugnant to the due process clause of the fourteenth amendment to the United States constitution and comparable guarantees of the Illinois constitution. This issue was raised in the trial court and is properly preserved for review.

■■ The right to contest an election is statutory. Existence of the right depends on the law that creates it. (See *McCaslin v. Moore,* 67 Ill.App.2d 355, 214 N.E.2d 18.) An election contest is not a private matter; it is a proceeding in which the public is vitally and primarily concerned. (*Henley v. Elmore County* (1952), 72 Idaho 374, 242 P.2d 855.) It is not a convenient forum for resolution of social and political issues. The scope of an election contest proceeding is limited to a determination of the result of the election. (*People ex rel. Meyer v. Kerner,* 35 Ill.2d 33, 38, 219 N.E.2d 617.) When granted, the right to contest an election is not conferred to satisfy personal interests of contending individuals. *O'Dowd v. Superior Court of California* (1910), 158 Cal. 537, 111 P. 751; 29 C.J.S. Elections § 247(a).

■■ Essentially, election contests heard by a board are administrative proceedings. Administrative proceedings must conform to fundamental principles of justice and the requirements of due process of law. (See *Ellis v. Illinois Commerce Commission,* 44 Ill.2d 438, 255 N.E.2d 417; compare *Brown v. Air Pollution Control Bd.,* 37 Ill.2d 450, 454, 227 N.E.2d 754.) However, procedural due process does not require that a

proceeding be judicial in nature. (*Sheldon v. Hoyne*, 261 Ill. 222, 103 N.E. 1021.) The requirements of due process are satisfied by a form of procedure that is suitable and proper to the nature of the determination to be made. *Telcser v. Holzman*, 31 Ill.2d 332, 339, 201 N.E.2d 370; *Toplis & Harding, Inc. v. Murphy*, 384 Ill. 463, 51 N.E.2d 505.

██ Courts of review in other jurisdictions have held that dispositions of election contests must be prompt. It is intended that election contests be summarily and speedily disposed of. (Compare *Graff v. Burnside* (1931), 57 S.D. 578, 234 N.W. 523; *Gunson v. Baldauf* (1931), 88 Colo. 436, 297 P. 516; *Stafford v. Bailey* (1940), 282 Ky. 525, 138 S.W.2d 998.) These and other cases impart the meaning that in election contests due process of law is afforded even though the length of time provided for disposition of the contest is a short one. Illinois statutes that govern election contests impart the same meaning. (See Ill. Rev. Stat. 1969, ch. 46, pars. 7—13, 23—23.) An example of expeditious disposition of a dispute concerning a public office is *Kennard v. Louisiana ex rel. Morgan* (1875), 92 U.S. 480, 23 L.Ed. 478, where the Supreme Court of the United States held that the due process clause of the fourteenth amendment was not violated by a statute that allowed 24 hours to contest the right to a judgeship and two days for disposition of the cause in the Supreme Court of the state. The rationale of this aspect of *Kennard* is that due process does not dictate a particular period of time for trial or hearing. Consistent with this rationale, it has been held that due process does not dictate a particular mode of procedure. (*Whitfield v. Simpson* (E.D. Ill. 1970), 312 F.Supp. 889; compare *Fifth Street Pier Corp. v. City of Hoboken* (1956), 22 N.J. 326, 126 A.2d 6.) From these sources, therefore, we conclude that neither by its terms nor as applied to this case is section 32 of the 1970 Chicago Model Cities Election Code unconstitutional.

The second issue is whether the Board of Election Commissioners erred in dismissing the contest petition. This issue arose when, in their motion, 19 of the appellees pointed out that appellants had failed to join as a party one of the successful candidates in the election. Relying on *Conway v. Sexton*, 243 Ill. 59, 90 N.E. 203, and *Weeden v. Gher*, 316 Ill. 534, 147 N.E. 388, the appellees contended, as they do in this court, that the failure of appellants to name one of the successful candidates was fatal to the contest because the person omitted was an indispensable party. Without denying that they did omit an indispensable party, appellants contend that the dismissal order was error because it was the Board's responsibility to bring in the parties necessary to the contest proceedings. In support of this contention, appellants cite a number of state and federal statutes which create administrative agencies and impose on them the obligation to bring in parties necessary for the proceeding. We have examined these

statutes and find they do not support appellants' contention. The statutes cited by appellants create administrative agencies that deal with matters entirely different from election contests.

■■■ Concerning the election contest before us, the Model Cities Election Code, section 30, provides that "[t]he election of any person to a Model Area Council may only be contested by a defeated candidate for that Model Areas Council." It is provided in section 31 that the election contest shall be commenced by filing with the Chicago Board of Election Commissioners "* * * a verified petition specifically setting forth the points upon which the contestant relies." Although the code does not specify details of procedure, it is settled law in this state that all successful candidates and all persons who were candidates in the election were necessary parties to the proceeding. (*Lyons v. Becker*, 272 Ill. 333, 111 N.E. 980; compare *Conway v. Sexton*, 243 Ill. 59, 90 N.E. 203; *Weeden v. Gher*, 316 Ill. 534, 147 N.E. 388.) We hold, therefore, that failure of the contest petition to name all persons whose rights would have been adversely affected by a ruling in appellant's favor, was a failure to name an indispensable party. The failure was fatal to the election contest. This being the case, the Board of Election Commissioners ruled correctly when it sustained the motion to dismiss. See *Kinzel v. City of North Miami* (Fla.App. 1968), 212 So.2d 327.

The third issue is whether the Board erred in refusing to grant appellants leave to amend their contest petition. The record shows that when leave was granted to file the motion to dismiss, the parties were told to be prepared for hearing of the contest in the event the motion was denied. As it turned out, the Board sustained the motion one day before expiration of the ten (10) day period within which, under the Model Cities Election Code, it had to hear and decide the contest. In announcing the Board's rulings, and in explaining why the omitted party could not be brought in, the Chairman, Mr. Kusper, stated that there was not enough time for the Board to serve notice on that party, hold the hearing and still comply with the provisions of section 32 that the Board "* * * hear and decide said contests within ten (10) days after the last day for filing petitions of contest * * *."

Despite this fact, appellants contend that refusal of the Board of allow amendment to the contest petition was clear error. They insist that in the interest of granting them a full hearing, the amendment and the consequential continuance should have been allowed. In response, appellees argue that the Board could not grant the request. They point out that the Board's jurisdiction to decide the contest was derived from the Model Cities Election Code; that it was required to comply with the provisions of that law; and that section 32 limited the Board's power to decide the

contest within a ten (10) day period. Appellees conclude that if the contest were not decided within that period, the Board would have lost jurisdiction.

██ It is elementary that the jurisdiction of an administrative agency is determined solely by its creator. (*Pinkerton's Nat. Detective Agency v. Fidelity & Deposit Co. of Md.* (7 Cir. 1943), 138 F.2d 469.) The creator of the Board's jurisdiction to hear and determine a model cities election contest was the Model Cities Election Code, section 31. Section 32, which we have found constitutional, limited the power of the Board by requiring that such contests be heard and decided within a period of ten days. It is a fundamental principle that orders of an administrative agency which are beyond the purview of the law that created it, are not merely erroneous; they are void. (*People ex rel. Illinois Highway Transportation Co. v. Biggs,* 402 Ill. 401, 409, 84 N.E.2d 372.) In this case, confronted with the fact that granting leave to amend would have compelled it to decide a contest after expiration of the time within which it had authority to act, the Board did not err when it refused to grant appellants leave to amend their contest petition. Compare *Klaren v. Board of Fire & Police Commissioners of the Village of Westmont,* 99 Ill.App.2d 356, 240 N.E. 535.

The fourth and final issue is whether section 40 of the 1970 Chicago Model Cities Election Code, together with federal statutes, regulations and directives of the federal agency involved, prohibit a unit of the Democratic Party from campaigning to secure election of candidates for councilmen in a model cities area election. This section provides that "[e]ach candidate shall run at large on a non-partisan basis throughout the Model Cities Target Area wherein he resides." Federal statutes, regulations and directives of the U.S. Department of Housing and Urban Development are construed by appellants as requiring that a model cities election be non-partisan. Appellants contend that non-partisanship of the election was violated by a unit of the Democratic Party when members of the 48th Ward Regular Democratic Organization, led by its Ward Committeeman, distributed or caused to be distributed, sample ballots, campaign literature and election materials, all urging the election of 19 of the candidates for councilmen.

██ It is obvious that implicit in this issue are questions concerning constitutional rights, construction of federal statutes, interpretaton of federal regulations and application of directives of a federal agency, all if ruled on as appellants urge, go to the validity of the contested election. As a matter of law, the Chicago Board of Election Commissioners did not have jurisdiction to decide these questions. With the necessary parties before it, its power was to hear and determine the contest concerning the election. (*Sanders v. Township of Salem,* 385 Ill. 362, 52 N.E.2d 708;

*People ex rel. City of Green Rock v. Richards,* 5 Ill.App.2d 437, 125 N.E.2d 838.) As a consequence, the record of the electoral board on which appellants petitioned the trial court for judicial review contained only dismissal of the contest petition for want of an indispensable party. Judicial review of an electoral board decision cannot exceed the record made before it. (*Wiseman v. Elward,* 5 Ill.App.3d 249, 283 N.E.2d 282.) Therefore, the trial court did not consider the issue that appellants now present for our review. We have no authority to consider a matter not passed upon by the trial court or one, which because of a ruling on a motion, was left unresolved. *Murphy v. Kumler,* 344 Ill.App. 287, 291, 100 N.E.2d 660; see *Central Standard Life Insurance Co. v. Davis,* 7 Ill.2d 266, 130 N.E.2d 169. The judgment is affirmed.

Judgment affirmed.

STAMOS, P. J., and SCHWARTZ, J., concur.